AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Terrell Tramone Brown | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

Case No.

## 8:16 MJ 1083 AEP

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___at least in or around 08/29/2015___ in the county of ___Hillsborough___ in the
___Middle___ District of ___Florida___ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. §§ 1029, 1028A, and 1343 | aggravated identity theft, access device fraud, and wire fraud. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

**Special Agent Bryan Halliwell, USSS**
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/23/16

_____
*Judge's signature*

City and state: Tampa, Florida

Anthony E. Porcelli, U.S. Magistrate Judge
*Printed name and title*

EXHIBIT
1

## AFFIDAVIT

I, Bryan Halliwell, Special Agent, United States Secret Service, being duly sworn to tell the truth, state the following information:

1. I am employed as a Special Agent with the United States Secret Service and have been so employed since April 2000. I am currently assigned to the Tampa Field Office. During the course of my career with the United States Secret Service, I have led, conducted, and participated in criminal investigations involving bank fraud, wire fraud, identity theft, and access device fraud.

2. The facts set forth in this affidavit are based on my personal knowledge, information and documents provided to me in my official capacity, information obtained from other individuals, including law enforcement officers involved in this investigation, my review of documents and records related to this investigation, communications with others who have personal knowledge of the events and circumstance described herein, and information gained through my training and experience. The statements contained in this affidavit are true and correct to the best of my knowledge and belief.

3. Based on the information contained in this affidavit, I believe there is probable cause to charge **Terrell Tramone Brown** with aggravated identity theft, specifically with knowingly and with the intent to defraud transferring, possessing, or using, without lawful authority, a means of identification of another person in violation of 18 U.S.C. § 1028A, and access device fraud, specifically with knowingly and with the intent to defraud effecting transactions with one or more

access devices issued to another person or persons to receive anything of value during any one year period, the aggregate value of which is greater than $1000, in violation of 18 U.S.C. § 1029(a)(5).

4. This affidavit is intended to demonstrate only that there exists probable cause to support a complaint to charge **Terrell Tramone Brown** with access device fraud and aggravated identity theft and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in the affidavit are related in substance and in part only.

## PROBABLE CAUSE

### A. Introduction

5. In an effort to aid in the review of this affidavit and provide an overall understanding of the scheme, I will summarize the nature of the fraudulent activities identified during this investigation to date. Attribution of these facts will follow. In sum, I have probable cause to believe from at least in or around August 29, 2015, through and including the present, **Terrell Tramone Brown** engaged in a scheme to defraud United States citizens and financial institutions by using counterfeit identification documents that feature the stolen personal identifiers of unknowing third parties, including names, dates of birth, and social security numbers, to obtain lines of credit at car dealerships to purchase vehicles.

### B.   Details of the Investigation to Date

6.  On or about August 28, 2015, a man identifying himself as C.W., and later confirmed to be **Terrell Tramone Brown**, entered Dimmitt Cadillac in Clearwater, FL and financed a 2015 Cadillac Escalade, with Vehicle Identification Number (VIN) 1GYS3TKJ7FR703388, for the purchase price of approximately $102,024.15.  **Brown** provided employees of the dealership with a counterfeit State of Kentucky driver's license, # W12-384-454, that featured C.W.'s name but **Brown's** photograph.  **Brown** also gave the dealership C.W.'s actual date of birth and C.W.'s Social Security number, which ends in-6729, to secure financing for the vehicle.  **Brown** told the dealership that his / C.W.'s address was 7909 Coco Verde St., Tampa, FL 33615, and his / C.W.'s previous address was 2512 Rothland Ln., Plano, TX 75023.

7.  On or about February 4, 2015, your affiant obtained a federal search warrant for CellTech Mobile, 1000 W. Waters Ave., Suite 8, Tampa, FL, case no. 8:16MJ1051TGW.  This warrant was, among other things, based on probable cause that the owner of CellTech Mobile, Johan Martinez Blanco, operated a counterfeit credit card and fake ID plant at the store.  Investigation to date has established that Martinez Blanco and others purchased or stole credit and debit card numbers and encoded the stolen account numbers onto other credit or gift cards using and encoder and a computer.  Martinez Blanco and others then embossed the newly created credit or gift cards with various names and numbers using an embosser and either sold the counterfeit credit cards for cash or used the counterfeit credit cards to purchase cell phones and high-end appliances,

among other things, which they sold for cash.  Evidence gathered to date also showed that Martinez Blanco manufactured counterfeit State of Florida driver's licenses and identification cards at the CellTech Mobile Store.  These identification documents typically featured the photograph of the purchaser of the ID but the personally identifiable information (PII) of an unknowing identity theft victim with good credit.  Martinez Blanco sold these counterfeit driver's licenses and ID cards and also had his buyers use them to purchase cell phones with the identity theft victim's credit, which cell phones Martinez Blanco then sold at his store.

8.  Prior to obtaining the federal search warrant, on or about February 3, 2016, a United States Secret Service special agent, operating in an undercover capacity, went to CellTech Mobile during business hours.  The agent observed that CellTech Mobile appeared to be an operating business with items for sale, including cell phone accessories, displayed on the walls and in a glass top counter.  The undercover agent observed that the back wall of the store had a cut out that lead to an open room on one side and an office at the back of the store on the other side.  The undercover agent also observed that there was an open Apple laptop computer on the glass countertop inside the store.

9.  While at CellTech Mobile, the undercover agent observed a dark skinned male, later identified as **Terrell Tramone Brown**, enter the store and go back to the office, where he remained while the undercover agent was in the front of the store.  While the undercover agent was discussing the purchase of an iPhone 6S Plus, he/she observed **Brown** and a man she/he identified as Johan Martinez

Blanco come out of the back office, and exit to the parking lot through the front door of the store.

10. During this interaction, your affiant and an FDLE agent was observing CellTech Mobile from a vehicle that was parked across the street. Your affiant observed Martinez Blanco and **Brown** exit CellTech Mobile and retrieve papers from a black 2015 Cadillac Escalade. Johan Martinez Blanco and **Brown** then got into Martinez Blanco's white Lexus sedan. At that time, your affiant and the FDLE investigator followed Martinez Blanco and **Brown** to another cellular telephone store and back to CellTech Mobile. At or around the time of this surveillance, investigators including your affiant ran the license tag of the Cadillac Escalade through the State of Florida Driver and Vehicle Identification Database (DAVID) and learned that it was registered to C.W.

11. On or about February 5, 2015, Investigators including your affiant executed the aforementioned federal search warrant at CellTech and recovered hundreds of items of evidentiary value including a credit card embosser, a card encoder, a credit card foil tipping machine, counterfeit credit cards, boxes of white plastic used to make counterfeit credit cards and ID's, stolen iPhones, a stolen MacBook, identity theft documents to include medical records and tax documents, multiple bank account numbers and counterfeit ID's. Investigators also observed a blue background mounted on the wall of Martinez Blanco's store office, which was used as the background for the photographs featured in the counterfeit ID's he manufactured.

12. During the execution of the search warrant, agents Mirandized and interviewed Martinez Blanco's brother, who was present at the store and was found to have counterfeit credit cards in his wallet. Post-*Miranda*, Martinez Blanco's brother stated that Martinez Blanco made the counterfeit credit cards for him to buy gas and groceries. The brother also said that Martinez Blanco makes fake ID's for people and that Martinez Blanco has a shell company called Big Boy Appliances that he uses as a front to conduct his illegal activity. The brother further stated that Martinez Blanco makes counterfeit checks that he deposits into bank accounts and withdraws the proceeds or cashes.

13. Also during the execution of the search warrant, agents read Martinez Blanco his *Miranda* rights and interviewed him. Post-*Miranda*, Martinez Blanco told investigators that he made the counterfeit credit cards for his brother to buy gas. He also admitted to making counterfeit credit cards and to producing counterfeit Florida drivers' licenses for other individuals so that those individuals could buy cellular telephones using stolen credit. Martinez Blanco further admitted to purchasing stolen PII from an individual he knows as "Tank," later confirmed to be **Terrell Tramone Brown**. Martinez Blanco stated "Tank" drove a black Cadillac Escalade, and that there was photo of "Tank" on Martinez Blanco's computer that Martinez Blanco had used to make "Tank" a counterfeit State of Florida driver's license. Investigators showed Martinez Blanco the photograph of **Brown** from Martinez Blanco's computer and Martinez Blanco identified it as "Tank," which as stated above was later confirmed to be **Brown**.

14. Continuing on or about February 5, 2015, Investigators ran the photo Johan

Martinez Blanco identified as the individual he knew as "Tank" through the "FACES" database maintained by the Pinellas County Sheriff's Office. "FACES" is a face analysis comparison and examination system that compares submitted photos to known identities of individuals maintained by the Pinellas County Sheriff's Office. The inquiry revealed the true identity of the submitted photo of the individual known as "Tank" was in fact **Terrell Tramone Brown**. In addition, your affiant reviewed the photograph in DAVID for **Brown's** driver's license and it appeared to be the same individual identified by Martinez Blanco as "Tank."

15. Investigation into **Terrell Tramone Brown** revealed he is currently on federal probation for a 2001 conviction for counterfeiting and uttering forged bills. There is also a current federal arrest warrant for **Brown** for absconding from federal probation.

16. On or about February 10, 2015, Investigators e-mailed the photo of **Terrell Tramone Brown** captured from Johan Martinez Blanco's computer to Brown's federal Probation Officer, C.J, who is located in the Southern District of Florida. Probation Officer C.J. identified the photo as the individual he knows as **Brown** and provided an additional photo of **Brown** maintained by the Probation Department that matches the photo of **Brown/**"Tank" obtained from Johan Martinez Blanco's computer.

17. Your affiant compared the photo of **Terrell Tramone Brown** from Johan Martinez Blanco's computer and the one maintained by the Federal Probation Department in the Southern District of Florida to the photo of C.W. on the counterfeit State of Kentucky driver's license, #W12-348-454, that was presented

to purchase the 2015 Cadillac Escalade on or about August 29, 2015. I have

determined that the photo on the counterfeit State of Kentucky driver's license

featuring the stolen identifiers of C.W. is in fact **Brown**.

18. On or about February 19, 2016, M.T., Intelligence Analyst, Kentucky State

Police, confirmed the State of Kentucky driver's license, #W12-348-454, is in fact

counterfeit and no State of Kentucky driver's license exists with the listed

identifiers on the State of Kentucky driver's license in the name C.W. that was

used to purchase the 2015 Cadillac Escalade on or about August 29, 2015.

19. Continuing on or about February 19, 2016, your affiant contacted the real C.W.,

who currently resides in Plano, TX. C.W. confirmed his date of birth as that on

the driver's license used to purchase the 2015 Cadillac Escalade and his Social

Security number as ending in-6729. C.W. stated he does not know **Terrell**

**Tramone Brown** nor did he give him authorization to use his PII to secure a loan

to purchase the 2015 Cadillac Escalade. C.W. provided a copy of his credit

report that lists the loan for the 2015 Cadillac Escalade as one of C.W.'s current

obligations. According to C.W.'s credit report, no payments have been made

towards the loan balance since the inception of the loan on or around August 29,

2015.

## CONCLUSION

20. Based on the above facts, your affiant submits probable cause exists that from at

least on or about August 29, 2015, through and including the present, **Terrell**

**Tramone Brown** committed aggravated identity theft and access device fraud by

providing counterfeit identification documents that feature the stolen personal

identifiers of unknowing third parties, including names, dates of birth, and social

security numbers, to obtain lines of credit at car dealerships to purchase vehicles

and in doing so fraudulently obtained a 2015 Cadillac Escalade worth over

$100,000. Thus, your affiant respectfully requests that this Court issue an arrest

warrant pursuant to 18 U.S.C. §§ 1028A and 1029(a)(5).

    This completes my affidavit.

Bryan Halliwell, Special Agent
United States Secret Service

Sworn to and subscribed before me
this __23rd__ day of February, 2016.

ANTHONY E. PORCELLI
United States Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

TERRELL TRAMONE BROWN

CASE NO.   8:16-cr-225-T-23MC

18 U.S.C. § 1029(a)(2)
18 U.S.C. § 1028A
18 U.S.C. § 1029(c)(1)(C)-Forfeiture

## INFORMATION

The United States Attorney charges:

## COUNT ONE

On or about August 28, 2015, in the Middle District of Florida and elsewhere,

TERRELL TRAMONE BROWN,

the defendant herein, knowingly and with the intent to defraud, used an unauthorized and counterfeit access device, specifically a State of Kentucky driver's license featuring the name and social security number of victim C.W. to obtain credit to purchase a 2015 Cadillac Escalade, and on the same date and by such conduct obtained the Cadillac Escalade, which had a purchase price of approximately $102,024.15, said use affecting interstate and foreign commerce, in that the 2015 Cadillac Escalade was manufactured and shipped from outside the State of Florida.

In violation of 18 U.S.C. §§ 1029(a)(2) and 2.


EXHIBIT
2

## COUNT TWO

On or about August 28, 2015, in the Middle District of Florida and elsewhere,

### TERRELL TRAMONE BROWN,

the defendant, herein did knowingly transfer, possess and use without lawful authority a means of identification of another person, specifically the name and social security number of victim C.W. during and in relation to the felony offense of use of an unauthorized access device, in violation of 18 U.S.C. § 1029(a)(2), knowing that means of identification belonged to an actual person.

In violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

## FORFEITURE

1.      The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 982(a)(2), and 1029(c)(1)(C).

2.      Upon his conviction for any or all of the violations alleged in Count One of this Information, the defendant,

### TERRELL TRAMONE BROWN,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation, and pursuant to Title

2

18, United States Code, Section 1028(b)(5), any personal property used or intended to be used to commit the offense.

3.     The specific property to be forfeited includes, but is not limited to, a forfeiture money judgment in the amount of the proceeds of the offense, which amount is approximately $102,024.15.

4.     If any of the property described above, as a result of any act or omission of the defendant:

  a.     cannot be located upon the exercise of due diligence;

  b.     has been transferred or sold to, or deposited with, a third party;

  c.     has been placed beyond the jurisdiction of the court;

  d.     has been substantially diminished in value; or,

  e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title

18, United States Code, Sections 982(b)(1) and 1028(g).

A. LEE BENTLEY, III
United States Attorney

By: _____
Amanda L. Riedel
Assistant United States Attorney

By: _____
Robert A. Mosakowski
Assistant United States Attorney
Chief, General Crimes Section

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 8:16-cr-225-T-23AEP

TERRELL TRAMONE BROWN

### UNITED STATES OF AMERICA'S
### MOTION FOR FORFEITURE MONEY JUDGMENT

Pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States of America hereby moves for a forfeiture money judgment against the defendant in the amount of $102,024.15, representing the proceeds the defendant obtained as a result of the access device fraud, as charged in Count One of the Information.

In accordance with Rule 32.2(b)(4) and his plea agreement (Doc. 15, p. 10), the United States asks that the order of forfeiture be made final at the time it is entered.   In support, the United States submits the following memorandum of law.

### MEMORANDUM OF LAW

I.    **Statement of Facts**

A.    **Allegations Against the Defendant**

1.    The defendant was charged in an Information with one count of the access device fraud, in violation of 18 U.S.C. § 1029(a)(2), and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A.   Doc. 1.

2.    The forfeiture allegations in the Information notified the defendant that, pursuant to 18 U.S.C. § 982(a)(2)(B), the United States was seeking forfeiture



of any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violation of 18 U.S.C. § 1029(a)(2), including but is not limited to, a forfeiture money judgment in the amount of $102,024.15.   *Id.*, pp. 2-3.

### B.      Finding of Guilt and Admissions of Fact

3.      On June 6, 2016, the defendant pleaded guilty to Count One (access device fraud) and Count Two (aggravated identity theft)[1] of the Information before United States Magistrate Judge Anthony E. Porcelli, who recommended that his plea be accepted.   Docs. 17, 21.   On June 27, 2016, the Court accepted his plea and adjudicated him guilty.   Doc. 23.   The defendant's sentencing is currently scheduled for August 22, 2016.   *Id.*

4.      In his Plea Agreement (Doc. 15, pp. 17-21), Brown admitted, among other things, that on or about August 28, 2015, the defendant, identifying himself as C.W., went to Dimmitt Cadillac in Clearwater, FL and obtained a line of credit to purchase a 2015 Cadillac Escaladed for approximately $102,024.15.   The defendant provided employees of the dealership with a counterfeit State of Kentucky driver's license that featured C.W.'s name but the defendant's photograph.   The defendant also gave the dealership C.W.'s actual date of birth and C.W.'s social security number to secure financing for the vehicle.   The defendant told the dealership that his / C.W.'s address was 7909 Coco Verde St., Tampa, FL 33615, and his / C.W.'s previous address was in Plano, Texas.

_____

[1] There is no forfeiture available for violation of 18 U.S.C. § 1028A.

2

On February 19, 2016, investigators interviewed C.W. who confirmed that his social security number and date of birth appear on the driver's license the defendant used to purchase the 2015 Cadillac Escalade.   C.W. stated he does not know the defendant nor did give him authorization to use his PII to secure a loan to purchase the 2015 Cadillac Escalade.   According to C.W.'s credit report, no payments have been made towards the loan balance since the inception of the loan on or around August 29, 2015.

## C.   Admissions Related to Forfeiture

5.   In his plea agreement, the defendant admitted and agreed that, pursuant to 18 U.S.C. § 982(a)(2)(B), the United States is entitled to a forfeiture money judgment in the amount $102,024.15, representing the amount of proceeds obtained as a result of the access device fraud charged in Count One.   Doc. 15, p. 9.   Moreover, the defendant agreed that the United States was entitled to forfeit any of the defendant's property as substitute assets to satisfy the forfeiture money judgment, and that the order of forfeiture would be final as to the defendant upon entry.   *Id.*, p. 10.

## II.   Applicable Law

### A.   Forfeiture Statute

The United States may forfeit, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the fraudulent use of unauthorized access devices, in violation of 18

3

U.S.C. § 1029(a)(2).

### B.    Court's Determination of Forfeiture

Rule 32.2, Federal Rules of Criminal Procedure, governs the criminal forfeiture of property based on a defendant's conviction for the offense giving rise to the forfeiture.   Rule 32.2(b)(1) requires that as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted, the Court must determine what property is subject to forfeiture under the applicable statute.   Fed. R. Crim. P. 32.2(b)(1)(A).   The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable.   Fed. R. Crim. P. 32.2(b)(1)(B).

### C.    Authority for Money Judgments

The United States seeks forfeiture money judgments in those instances where a defendant no longer has the actual dollars or traceable property in his possession, or the government cannot locate the assets.   In these cases, the obligation to forfeit simply takes the form of a forfeiture money judgment in favor of the United States.   *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008) (district court may issue a forfeiture order in the form of a money judgment in mail fraud case); *United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003) (money judgment equal to value of commission and untainted money used to facilitate money laundering); *United States v. Conner*, 752 F.2d 566, 576 (11th Cir. 1985) (ordering money judgment for amount of proceeds obtained from

4

RICO violations).

Because the United States could not locate the specific property traceable to the theft of government monies as charged in Count One of the Information, i.e., the actual funds obtained or items purchased with the funds, the United States seeks a forfeiture money judgment in the amount of $102,024.15 against Terrell Tramone Brown and requests that the Court enter the order pursuant to Rule 32.2(b)(2).

III.   **Conclusion**

For the reasons stated above, the United States requests that the Court, pursuant to 18 U.S.C. § 982(a)(2)(B), and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, enter a forfeiture money judgment against the defendant in the amount of $102,024.15, for which he is liable.

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

Finally, the United States requests that the Court retain jurisdiction to complete the forfeiture and disposition of any property belonging to the defendant that the government is entitled to seek under 21 U.S.C. § 853(p), as incorporated

5

by 18 U.S.C. § 982(b)(1), as a substitute asset in satisfaction of the defendant's money judgment.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By:    s/James A. Muench
JAMES A. MUENCH
Assistant United States Attorney
Florida Bar Number 472867
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 - telephone
(813) 274-6220 - facsimile
E-mail: james.muench2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

s/James A. Muench
JAMES A. MUENCH
Assistant United States Attorney

6



**Bank of America**

FL9-200-05-04
9000 Southside Blvd., Bldg 200
Jacksonville, FL 32256

March 14, 2016

Kris Jordan
Chief Financial Officer
Larry Dimmit Cadillac, Inc.
25191 US Highway 19 N
Clearwater, FL 33763

Regarding customer: Craig Woodward
Contract number: 38962634 (the Contract)
Collateral 2015 Cadillac Escalade
Vehicle/Hull Identification Number: 1GYS3TKJ7FR703388

Dear Mrs. Jordan:

We hereby demand repurchase of the above referenced Contract in accordance with the terms of the Retail Dealer Agreement (the Agreement), executed by Larry Dimmit Cadillac, Inc. (the Dealership). In the Agreement, guarantee is made that the Dealership will repurchase the Contract if we reasonably determine that there's a breach of any of the Dealer's representations and/or warranties with respect to the Contract. Borrower is not who they claim to be. Attached is a copy of the Denial of Financial Responsibility for Craig Woodward.

In accordance with the Agreement, the amount required to repurchase the Contract is $102,024.15. Please forward this amount to us no later than, March 22, 2016. Upon receipt of the repurchase price, the appropriate endorsement will be issued reflecting reassignment of the Contract to the Dealership. This repurchase amount doesn't include any Participation paid by us to the Dealer with respect to the Contract – the applicable amount will be deducted separately from the Dealer Participation Account.

If the required payoff is not received by the above mentioned date, we reserve the right to take such steps as we deem reasonable and necessary to preserve our rights under the Agreement and mitigate damages due to your failure to honor your repurchase obligations with respect to the Contract. Such steps may include, without limitation, the repossession and sale of the collateral, although we have no duty to do so under the Agreement. In such event, the Dealership will be deemed to have abandoned its interest in the vehicle serving as collateral for the Contract, and will be responsible for the balance due and owing under the Contract in accordance with the terms of the Agreement following the disposition of the collateral.



EXHIBIT
4

Please mail your payoff check to me at the following address, or contact your Retail Client Manager, Eric Bersen, to arrange for pick up.

Ms. Terry G. Wallace
Southeast Regional Executive
FL9-200-05-04
9000 Southside Blvd., Building 200
Jacksonville, FL 32256

If you prefer to wire the funds, here is the wiring information:

ABA or Routing# 026009593
Credit GL Acct# 02902010001513
Customer account #63010038962634
Bank of America
DFS Client Services FL9-600-02-26
9000 Southside Blvd Bldg 600
Jacksonville, FL 32256

If you have any questions regarding this matter, please contact me at 678.592.4174 or your Retail Client Manager, Eric Bersen.

Sincerely,

Terry G. Wallace
Southeast Regional Executive

**Kris Jordan**

| | |
|---|---|
| **From:** | Bersen, Eric <eric.bersen@baml.com> |
| **Sent:** | Monday, May 02, 2016 2:01 PM |
| **To:** | Kris Jordan |
| **Cc:** | Scott, Samuel |
| **Subject:** | RE: BOA Agreement and Demand Letter |
| **Attachments:** | Dimmitt Forfeiture Letter.pdf |

Hello Kris,

I want to let you know this past Friday, BOA had transferred the security interest in the vehicle to Dimmitt Cadillac.   The bank has no interest in recovering the vehicle and Dimmitt can pursue recovery.  Attached is our documentation regarding the seizure of the vehicle.

If you have any questions, please let me know.

Thank you

**Bank of America**
**Merrill Lynch**

*ERIC BERSEN*
SVP; Senior Retail Client Manager
Consumer Vehicle Lending
Dealer Financial Services
Bank of America, N.A.
813-431-1057 ph
415-228-6507 fax
eric.bersen@baml.com

**From:** Kris Jordan [mailto:kjordan@dimmitt.com]
**Sent:** Friday, April 29, 2016 8:53 AM
**To:** Bersen, Eric
**Cc:** Bregier, Andrew
**Subject:** RE: BOA Agreement and Demand Letter

Hi Eric,

Yes, we did file an insurance claim.

Regards,

**Kris Jordan**
*CFO*
*Dimmitt Automotive Group*
*727.450.7409 Direct*
*kjordan@dimmitt.com*

1

**EXHIBIT**
**5**



 

  

**From:** Bersen, Eric [mailto:eric.bersen@baml.com]
**Sent:** Friday, April 29, 2016 8:49 AM
**To:** Kris Jordan <kjordan@dimmitt.com>
**Subject:** RE: BOA Agreement and Demand Letter

Hello Kris,

Did Dimmit Cadillac file a Claim with the Insurance Company?  The reason the bank is asking is for filing the Forfeiture.  We need to update Secret Service with our payoff information.

Thank you

**Bank of America**
**Merrill Lynch**
_____

*ERIC BERSEN*
SVP; Senior Retail Client Manager
Consumer Vehicle Lending
Dealer Financial Services
Bank of America, N.A.
813-431-1057 ph
415-228-6507 fax
eric.bersen@baml.com

**From:** Kris Jordan [mailto:kjordan@dimmitt.com]
**Sent:** Tuesday, April 19, 2016 11:48 AM
**To:** Bersen, Eric
**Subject:** RE: BOA Agreement and Demand Letter

Hi Eric,

How shall I send these funds to BOA?

2

Thanks,

**Kris Jordan**
*CFO*
*Dimmitt Automotive Group*
*727.450.7409 Direct*
*kjordan@dimmitt.com*



 



**From:** Bersen, Eric [mailto:eric.bersen@baml.com]
**Sent:** Monday, April 18, 2016 11:56 AM
**To:** Kris Jordan <kjordan@dimmitt.com>
**Cc:** Scott, Samuel <samuel.scott@baml.com>
**Subject:** RE: BOA Agreement and Demand Letter

Thank you Kris!

**Bank of America** 
**Merrill Lynch**

*ERIC BERSEN*
SVP; Senior Retail Client Manager
Consumer Vehicle Lending
Dealer Financial Services
Bank of America, N.A.
813-431-1057 ph
415-228-6507 fax
eric.bersen@baml.com

**From:** Kris Jordan [mailto:kjordan@dimmitt.com]
**Sent:** Monday, April 18, 2016 11:15 AM
**To:** Bersen, Eric
**Cc:** Scott, Samuel
**Subject:** RE: BOA Agreement and Demand Letter

3

Hello Eric,

I have it on my calendar to pay BOA on April 22. We've still not received any information from our insurance company, but I will honor our commitment.

Regards,

**Kris Jordan**
*CFO*
*Dimmitt Automotive Group*
*727.450.7409 Direct*
*kjordan@dimmitt.com*



**From:** Bersen, Eric [mailto:eric.bersen@baml.com]
**Sent:** Monday, April 18, 2016 11:11 AM
**To:** Kris Jordan <kjordan@dimmitt.com>
**Cc:** Scott, Samuel <samuel.scott@baml.com>
**Subject:** RE: BOA Agreement and Demand Letter

Hello Kris,

Hopefully this email finds you doing well. Can you please update us on the status of the BOA payoff? We had previously extended the date from 3/22 to 4/22, coming up this Friday.

Let us know if you have any more questions or concerns.

Thank you

Bank of America Merrill Lynch
——————————————————————
*ERIC BERSEN*

4

SVP; Senior Retail Client Manager
Consumer Vehicle Lending
Dealer Financial Services
Bank of America, N.A.
813-431-1057 ph
415-228-6507 fax
eric.bersen@baml.com

**From:** Kris Jordan [mailto:kjordan@dimmitt.com]
**Sent:** Tuesday, March 22, 2016 12:10 PM
**To:** Bersen, Eric
**Cc:** Scott, Samuel
**Subject:** RE: BOA Agreement and Demand Letter

Hi Eric,

I certainly appreciate this and I will keep you updated on the progress.

Regards,

Kris Jordan
*CFO*
*Dimmitt Automotive Group*
*727.450.7409 Direct*
*kjordan@dimmitt.com*



 



**From:** Bersen, Eric [mailto:eric.bersen@baml.com]
**Sent:** Tuesday, March 22, 2016 11:33 AM
**To:** Kris Jordan <kjordan@dimmitt.com>
**Cc:** Scott, Samuel <samuel.scott@baml.com>
**Subject:** Re: BOA Agreement and Demand Letter

Hello Kris,

Given the circumstances of the case, we understand there's a process to work through. We went ahead and extended the due date to April 22nd.

We appreciate your assistance with this. If you have any questions or comments, please let me know.

Thank you

Eric Bersen
SVP; Sr Retail Client Manager
Bank of America Merrill Lynch
Dealer Financial Services
(813) 431- 1057 Cell
(727) 350- 3706 Fax

This message, and any attachments, is for the intended recipient(s) only, may contain information that is privileged, confidential and/or proprietary and subject to important terms and conditions available at http://www.bankofamerica.com/emaildisclaimer. If you are not the intended recipient, please delete this message.

This message, and any attachments, is for the intended recipient(s) only, may contain information that is privileged, confidential and/or proprietary and subject to important terms and conditions available at http://www.bankofamerica.com/emaildisclaimer. If you are not the intended recipient, please delete this message.



**FedEX/UPS**

MAR 18 2016

U.S. Department of Homeland Security

# UNITED STATES SECRET SERVICE

03/17/2016

Bank of America, N.A.
Attn: Legal Order Processing
DE5-024-02-08, Christiana IV
800 Samoset Drive, 2nd Floor
Newark, DE 19713

RE:   Seizure of Property

| | | |
|---|---|---|
| Agency Case Number | : | J-318-769-24023 |
| Seizure Number(s) | : | 318-2016-001 |
| Asset Identification | : | 318-2016-001-0001 |
| Asset Description | : | 2015 Cadillac Escalade, VIN #1GYS3TKJ7FR703388 |
| Asset Value | : | $70,100.00 |

Dear Legal Order Processing:

On 02/23/2016 in Brooksville, FL, the property described above was seized for forfeiture by the United States Secret Service (USSS) from Terrell Tramone Brown. The item is subject to forfeiture pursuant to Title 18 USC 981 as properties that were used in, or acquired by, violations of Title 18 USC 1014, Title 18 USC 1028 and Title 18 USC 1029.

As you (or, if applicable, your organization) have been identified as a potential interested party in this matter, this letter is to inform you of the following options:

1. You may agree to the forfeiture and petition the USSS for return/remission of the forfeited property by filing the attached "Petition for Remission/Mitigation" form.

2. You may disagree with the forfeiture and seek to contest it in United States District Court by filing a claim with the attached "Seized Asset Claim Form."

3. You may have no interest in this property and therefore do not need to respond to this letter in any manner.

## To Request Remission or Mitigation of Forfeiture

If you agree with the USSS that the property is subject to forfeiture and wish to have the USSS, through the administrative process, determine whether to remit (i.e., return the property (or your interest in it) or the value thereof) or mitigate (i.e., return the property or the value thereof upon imposition of a penalty) the forfeiture, you must submit the attached "Petition for Remission or Mitigation" form to the address indicated below.

The petition must include proof of your interest in the property supported by bills of sale, contracts, mortgages, or other satisfactory documentary evidence and must include the facts and circumstances that you believe justify remission or mitigation of forfeiture.   In order to obtain remission or mitigation of the forfeiture, the petitioner must satisfactorily establish the following:



**EXHIBIT**

**b**

1. With respect to a property interest in existence at the time that the illegal conduct giving rise to forfeiture took place, a petitioner must establish the following:
   a. a legally cognizable property interest in the seized property; and
   b. no knowledge of the conduct giving rise to the forfeiture; or
   c. upon learning of the conduct giving rise to the forfeiture, the petitioner did all that reasonably could be expected under the circumstances to terminate such use of the property.

2. With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, a petition must establish:
   a. a legally cognizable property interest in the seized property;
   b. at the time the property interest was acquired, that the petitioner was a bona fide purchaser or seller for value; and
   c. that the petitioner did not know and was reasonably without cause to believe that the property was subject to forfeiture.

3. A petitioner who cannot establish a property interest in the property, may obtain remission or mitigation of the forfeiture if the petition established that:
   a. a pecuniary loss of a specific amount has been directly caused by the criminal offense, or related offense, that was the underlying basis for the forfeiture supported by documentary evidence including invoices and receipts;
   b. the pecuniary loss is the direct result of the illegal acts and is not the result of otherwise lawful acts that were committed in the course of a criminal offense;
   c. the victim did not knowingly contribute to, participate in, benefit from, or act in a willfully blind manner towards the commission of the offense, or related offense, that was the underlying basis of the forfeiture;
   d. the victim has not in fact been compensated for the wrongful loss of the property by the perpetrator or others; and
   e. the victim does not have recourse reasonably available to other assets from which to obtain compensation for the wrongful loss of the property.

The petition should be filed within thirty-five (35) days of the date of this letter.

## To Contest the Forfeiture

If you disagree with the USSS that the property is subject to forfeiture and want the case tried in U.S. District Court, you must file a Claim of Ownership using the attached "Seized Asset Claim Form" with the USSS by April 21, 2016. **Please note:** if your sole intention is to request remission or mitigation of forfeited property (see above), and you are **not** seeking to challenge the forfeiture in court, you need only submit the enclosed "Petition for Remission or Mitigation" form; in that instance it is unnecessary to submit both the Petition for Remission or Mitigation" form **and** the "Seized Asset Claim" form.

<table>
<tr><td colspan="3">FOR GOVERNMENT USE ONLY</td></tr>
<tr><td>DATE PETITION RECEIVED:<br>PETITION TIMELY FILED:<br>PROPERTY STATUS:<br>FORFEITURE STATUS:</td><td>YES: ___</td><td>NO: ___</td></tr>
</table>

CASE NUMBER: J-318-769-24023 _____        SEIZURE NUMBER: 318-2016001

# PETITION FOR REMISSION/MITIGATION

Petitioner: **Bank of America**
Street Address: **275 So. Valencia**
City: **Brea**                                    State: **92823**
Contact: **Robin Sakamoto**                       Telephone: **657-216-5365**
*E-mail address:* **robin.a.sakamoto@bankofamerica.com** Fax:

*Petitioner does not contest the forfeiture, but agrees with Secret Service that property seized in the referenced case is subject to forfeiture by the U.S. government. In filing this Petition, Petitioner submits to an administrative (i.e., non-judicial) process, whereby Secret Service has authority to consider and determine Petitioner's interest, if any, in the property seized. Where a valid interest is established, seized property and/or the value thereof may, depending upon the status of the property and/or forfeiture, be remitted or returned to Petitioner, less applicable costs and expenses. Where mitigation is recommended, monetary penalties may also be imposed.*

1. *Please indicate your status in filing this Petition:* (check appropriate box)

[X]     Petitioner is an OWNER or LIENHOLDER.

With respect to a property interest in existence at the time the illegal conduct giving rise to forfeiture took place, an OWNER or LIENHOLDER must establish:

    a.    a legally cognizable property interest in seized property; *and*
    b.    no knowledge of the conduct giving rise to the forfeiture; *or*
    c.    upon learning of conduct giving rise to forfeiture, Petitioner did all that reasonably could be expected under the circumstances to terminate such use of the property.

[ ]     Petitioner is a BONAFIDE PURCHASER or SELLER FOR VALUE.

With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, a BONAFIDE PURCHASER or SELLER FOR VALUE must establish:

    a.    a legally cognizable property interest in seized property;
    b.    at the time the property interest was acquired, the Petitioner was a BONAFIDE PURCHASER or SELLER FOR VALUE; *and*
    c.    the Petitioner did not know and was reasonably without cause to believe that the property was subject to forfeiture.

[X]     Petitioner is a VICTIM of fraud.

A Petitioner who cannot establish a proper interest in seized property may obtain remission or mitigation of the forfeiture as a VICTIM, if the Petitioner can establish:

    a.    It was a VICTIM of the offense giving rise to the forfeiture action;
    b.    Petitioner had no knowledge of, or was not willfully blind to, the violation(s) giving rise to the forfeiture action; *and*
    c.    Petitioner did all that reasonably could be expected under the circumstances to prevent the activity giving rise to the forfeiture or the illegal use of the property.

**EXHIBIT**
**7**

2. *Petitioner must identify property in which an interest is claimed, in whole or in part, by the relevant asset number(s) and/or property description: (Please refer to the original letter of notice for a complete listing of property seized in this case, any asset identification number and/or property description).*

☐ Please check this box, if you claim an interest in *all* assets in this Seizure. Otherwise, indicate the specific asset(s) of interest below. Use additional pages, as necessary.

ASSET NUMBER:      318-2016-001-0001
PROPERTY DESCRIPTION:   2015 Cadillac Escalade vin# 1GYS3TKJ7FR703388

ASSET NUMBER:
PROPERTY DESCRIPTION:

3. *Petitioner must specify its particular interest in the asset(s) seized and/or indicate its loss in the referenced case:*

Security interest for a retail installment sale contract dated Aug. 29, 2015 and lienholder on title held by the State of Florida

4. *Please detail the facts and circumstances surrounding your loss, and attach documentation (i.e., Affidavits; Certificates of Title, financing statements; loan documents; credit applications; contracts; bill of sale; invoices; mortgages; purchase orders; transaction records; checks; receipts; credit card statements; liens; correspondence; account information; etc.), which: (a) supports your interest in seized property; (b) shows proof of your status as an owner/lienholder, or bonafide purchaser/seller, or victim; (c) provides sufficient evidence of, and a connection between, your loss and the fraud committed; (d) or, otherwise supports remission or mitigation of asset(s). (Attach additional pages, if necessary).*

The vehicle is collateral for a retail installment agreement which the Bank has confirmed that it is a victim of identity theft fraud. The balance still owing on the contract is $102,724.15

☒ Please check this box, if supporting documentation is attached to this Petition.

ON THIS 29 DAY OF Mar       , 2016 I DECLARE, UNDER PENALTY OF PERJURY, THAT I HAVE PERSONAL KNOWLEDGE OF THE MATTERS REFERRED TO IN THIS PETITION FOR REMISSION OR MITIGATION, AND BASED UPON MY KNOWLEDGE AND BELIEF, THE FOREGOING IS TRUE AND CORRECT.

Bank of America NA

By: _____ *(company name, if applicable)*

_____ *(signature)*
Robin Sakamoto, Officer account specialist *(printed name) pet_form3A*

2

**LAW** 553-FL-eps 5/14

### RETAIL INSTALLMENT SALE CONTRACT
### SIMPLE FINANCE CHARGE

Dealer Number _____ Contract Number **6302**

80035

| Buyer Name and Address | Co-Buyer Name and Address | Seller - Creditor (Name and Address) |
|---|---|---|
| CRAIG WOODWARD<br>7909 COCO VERDE ST<br>TAMPA, FL 33615<br>HILLSBOROUGH | | LARRY DIMMITT CADILLAC, INC.<br>25191 U.S. HWY 19 N.<br>CLEARWATER, FL 33763<br>727/797 7070 |
| Buyer's Birth Month: April | Co-Buyer's Birth Month: | |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller-Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis at the Base Rate of __3.7000__ % per year. The Truth-In-Lending Disclosures below are part of this contract. You have thoroughly inspected, accepted, and approved the vehicle in all respects.

| New/Used/Demo | Year | Make and Model | Weight (lbs.) | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2020 | CADILLAC ESCALADE | N/A | 1GYS3TKJ7FR703388 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural ☐ _____ |

You agree that we advised you whether, based on seller's knowledge, the vehicle was titled, registered, or used as a taxicab, police vehicle, short term rental or is a vehicle that is rebuilt or assembled from parts, a kit car, a replica, a flood vehicle, or a manufacturer buy back.

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 0.00 is | WARRANTIES SELLER DISCLAIMS |
|---|---|---|---|---|---|
| 3.70 % | $ 12072.81 | $ 102024.15 | $114096.96 | $114096.96 | Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose. |

(e) means an estimate

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 1584.68 | Monthly beginning 10/13/2015 |
| N/A | N/A | N/A |
| Or As Follows: N/A | | |

Returned Payment Charge: If any check or other payment instrument you give us is dishonored or any electronic payment you make is returned unpaid, you will pay a charge of $25 if the payment amount is $50 or less; $30 if the payment amount is over $50 but not more than $300; $40 if the payment amount is over $300; or such amount as permitted by law.

Late Charge. If payment is not received in full within __10__ days after it is due, you will pay a late charge of __5__ % of each installment.

Prepayment. If you pay off all your debt early, you may have to pay a penalty.

Security Interest. You are giving a security interest in the vehicle being purchased.

Additional Information: See this contract for more information including information about nonpayment, default, prepayment penalties, any required repayment in full before the scheduled date and security interest.

Florida documentary stamp tax required by law in the amount of $ __357.35__ has been paid or will be paid directly to the Department of Revenue.

Certificate of Registration No. _____

You assign all manufacturer rebates and cash back incentives used as a downpayment on this contract to seller. You agree to complete all documents required for assignment of rebates and incentives.

**ORIGINAL**

Buyer Signs X _Craig Woodward_ _____  Co-Buyer Signs X __N/A__ _____

08/29/2018, 12:48 pm
*LAW 553-FL-eps 5/14 v1* Page 1 of 6

## ITEMIZATION OF AMOUNT FINANCED

1  Cash Price (including $ ___5456.31___ sales tax)                                    $ _97393.81_ (1)

2  Total Downpayment =

   Gross Trade-In Allowance

   Less Pay Off Made By Seller (o)                                                 $ ___N/A___

   Equals Net Trade In                                                            $ ___N/A___

   + Cash                                                                         $ ___N/A___

   + Other _____                                                          $ ___N/A___

   (If said downpayment is negative, enter "0" and see 4J below)                  $ ___N/A___

3  Unpaid Balance of Cash Price (1 minus 2)                                           $ ___0.00___ (2)

4  Other Charges including Amounts Paid to Others on Your Behalf                       $ _97393.81_ (3)
   (Seller may keep part of these amounts):

   A  Cost of Optional Credit Insurance Paid to Insurance
      Company or Companies

      Life                                                           $ ___N/A___

      Disability                                                     $ ___N/A___

   B  Vendor's Single Interest Insurance Paid to Insurance Company               $ ___N/A___

   C  Other Optional Insurance Paid to Insurance Company or Companies            $ ___N/A___

   D  Optional Gap Contract                                                     $ ___N/A___

   E  Official Fees Paid to Government Agencies                                  $ ___799.00___

   F  Government Documentary Stamp Taxes                                        $ ___N/A___

   G  Government Taxes Not Included in Cash Price                               $ ___357.35___

   H  Government License and/or Registration Fees                               $ ___311.99___

      LICENSE FEE

   I  Government Certificate of Title Fees                    FL MVWEA FEE      $ ___502.00___

   J  Other Charges (Seller must identify who is paid and
      describe purpose)

     to  N/A _____

     to  N/A _____        for Prior Credit or Lease Balance (o)            $ ___0.00___

     to  LARRY DIMMITT CAD      for ALLSTATE VSC                                 $ ___N/A___

     to  N/A                    for  N/A                                        $ ___2660.00___

     to  N/A                    for  N/A                                        $ ___N/A___

     to  N/A                    for  N/A                                        $ ___N/A___

     to  N/A                    for  N/A                                        $ ___N/A___

     to  N/A                    for  N/A                                        $ ___N/A___

     to  N/A                    for  N/A                                        $ ___N/A___

     Total Other Charges and Amounts Paid to Others on Your Behalf               $ ___4630.34___ (4)

5  Loan Processing Fee Paid to Seller (Prepaid Finance Charge)                        $ ___N/A___ (5)

6  Amount Financed (3 plus 4)                                                        $ 02024.15 (6)

OPTION: ☐ You pay no finance charge if the Amount Financed, Item 6, is paid in full on or before
   ___N/A___ , Year ___N/A___ . SELLER'S INITIALS _____

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree
to pay the extra charge. If you choose to buy a gap contract, the charge is not required to obtain credit and will not be provided unless you sign below and agree
details on the terms and conditions it provides. It is a part of this contract. Avia
as shown in Item 4D of the Itemization of Amount Financed. See your gap contract for

Term ___72___ Mos.                              ALLSTATE GAP
                  Name of Gap Contract

I want to buy a gap contract:

Buyer Signs X _Craig Woodson_

JURY TRIAL WAIVER.  By entering this contract, you agree to waive your right to trial by jury.
Buyer Signature X _Craig Woodson_

                                — Co-Buyer Signature X _____

Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

### OPTIONAL SERVICE CONTRACTS

You are not required to buy a service contract to obtain credit. Your choice of service contract providers for any service contracts you buy will not affect our decision to sell or extend credit to you.

### REJECTION OR REVOCATION

If you are permitted under Florida's Uniform Commercial Code to reject or revoke acceptance of the vehicle and you claim a security interest in the vehicle because of this, you must either: (a) post a bond in the amount of the disputed balance; or (b) deposit all installment payments as they become due into the registry of a court of competent jurisdiction.

### SERVICING AND COLLECTION CONTACTS

You agree that we may try to contact you in writing, by e-mail, or using pre-recorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

### APPLICABLE LAW

Federal law and the law of the state of our address shown on page 1 of this contract apply to this contract.

CANCELED

**ORIGINAL**

Buyer Signs X _Craig Woodson_  Co-Buyer Signs X ___N/A___

08/29/2016, 12:48 pm
LAW 553-FL-eps 5/14 v1   Page 2 of 6

insurance. You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below. Your choice of insurance providers will not affect our decision to sell you the vehicle or extend credit to you.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

### Check the Insurance you want and sign below:
## Optional Credit Insurance

☐ Credit Life:       ☐ Buyer       ☐ Co-Buyer       ☐ Both       ☐ Credit Disability:       ☐ Buyer       ☐ Co-Buyer       ☐ Both

Term __N/A__                                     Term __N/A__

Premium: Credit Life $ _____ N/A _____         Credit Disability $ _____ N/A _____

Insurance Company Name _____ N/A _____         Home Office Address _____ N/A _____

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments.

If the box above is checked to indicate that you want credit life insurance, please read and sign the following acknowledgments:

1. You understand that you have the option of assigning any other policy or policies you own or may procure for the purpose of covering this extension of credit and that the policy need not be purchased from us in order to obtain the extension of credit.

X _____ N/A _____                              X _____ N/A _____
Buyer                                    Date      Co-Buyer                                   Date

2. You understand that the credit life coverage may be deferred if, at the time of application, you are unable to engage in employment or unable to perform normal activities of a person of like age and sex. (You need not sign this acknowledgement if the proposed credit life insurance policy does not contain this restriction.)

X _____ N/A _____                              X _____ N/A _____
Buyer                                    Date      Co-Buyer                                   Date

3. You understand that the benefits under the policy will terminate when you reach a certain age and affirm that your age is accurately represented on the application or policy.

X _____ N/A _____                              X _____ N/A _____
Buyer                                    Date      Co-Buyer                                   Date

## Other Optional Insurance

☒ __ALLSTATE GAP__                                 Premium $ _____ 799.00 _____
Type of Insurance        72
Insurance Company Name & Address    Term

__ALLSTATE GAP__

☐ _____ N/A _____                              Premium $ _____ N/A _____
Type of Insurance       N/A
Insurance Company Name & Address    Term

__N/A__

☐ _____ N/A _____                              Premium $ _____ N/A _____
Type of Insurance       N/A
Insurance Company Name & Address    Term

__N/A__

☐ _____ N/A _____                              Premium $ _____ N/A _____
Type of Insurance       N/A
Insurance Company Name & Address    Term

__N/A__

☐ _____ N/A _____                              Premium $ _____ N/A _____
Type of Insurance       N/A
Insurance Company Name & Address    Term

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X _Craig Woodford_                                 X N/A
Buyer Signature           08/29/2015               Co-Buyer Signature
                          Date                                                        Date

## LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI Insurance):** If the preceding box is checked, the Creditor requires VSI Insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI Insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI Insurance is obtained. If you elect to purchase VSI Insurance through the Creditor, the cost of this insurance is $ _____ N/A _____ and is also shown in item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract. You authorize us to purchase Vendor's or Lender's Single Interest Insurance.

Buyer Signs X _N/A_

Co-Buyer Signs X _N/A_                             Date: _____

Buyer Signs X _Troy Woodford_    Co-Buyer Signs X _N/A_    **ORIGIN**

# OTHER IMPORTANT AGREEMENTS

1. **FINANCE CHARGE AND PAYMENTS**

   a. **How we will figure Finance Charge.** We will treat any Prepaid Finance Charge as fully earned on the date of this contract. We will figure the rest of the finance charge on a daily basis at the Base Rate on the unpaid part of your Principal Balance. Your Principal Balance is the sum of the Amount Financed and the Prepaid Finance Charge, if any.

   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of your Principal Balance and to other amounts you owe under this contract in any order we choose.

   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. It is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

   d. **You may prepay.** You may prepay all or part of your Principal Balance at any time. If the contract is paid in full within six months after the date you sign it, we may impose an acquisition charge, not exceeding $75, for services performed on your behalf for processing this contract. If you prepay, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

   e. **You may ask for a payment extension.** You may ask us for a deferral of the scheduled due date of all or any part of a payment (extension). If we agree to your request, we may charge you a $15 extension fee. You must maintain the physical damage insurance required by this contract (see 2.d.) during any extension. If you do not have this insurance, we may buy it and charge you for it as this contract says. You may extend the term of any optional insurance you bought with this contract to cover the extension if the insurance company or your insurance contract permits it, and you pay the charge for extending this insurance.

   If you get a payment extension, you will pay additional finance charges at the Base Rate on the amount extended during the extension. You will also pay any additional insurance charges resulting from the extension, and the $15 extension fee if we charge you this fee.

2. **YOUR OTHER PROMISES TO US**

   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

   c. **Security Interest.**
   You give us a security interest in:
   - The vehicle and all parts or goods put on it;
   - All money or goods received (proceeds) for the vehicle;
   - All insurance, maintenance, service, or other contracts we finance for you; and
   - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

   This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.

   d. **Insurance you must have on the vehicle.**
   You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium of the insurance and a finance charge at the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

   e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.
   If you pay late, we may also take the steps described below.

   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
   - You do not pay any payment on time;
   - You give false, incomplete, or misleading information on a credit application;
   - You start a proceeding in bankruptcy or one is started against you or your property; or
   - You break any agreements in this contract.
   The amount you will owe will be the unpaid part of your Principal Balance plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

   c. **You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as the law allows. This includes any attorneys' fees we incur as a result of any bankruptcy proceeding brought by or against you under federal law.

Buyer Signs X _Craig Worthuis_    Co-Buyer Signs X _N/A_

# ORIGINAL

08/29/2015, 12:48 pm
LAW 553-FL-eps 5/14 v1    Page 4 of 6

# Delaware Batch Header Sheet

- All batches scanned into FIRST must have a Batch Header Sheet
- Place a check, circle, or highlight the option that applies to the batch

| Check if Applicable | ☐ **Originals:** ~ CT Bank Execution   ~ GA Garnishment   ~ MD Garnishment   ~ PA Writ of Execution   ~ DC Writ of Attachment | | | | |
|---|---|---|---|---|---|
| **File Type** | Levy | Child Support | Garnishment | Routable Mail | (Special Order) |
| **Document Type** | Refer to matrix for identification: *forfeiture* | | | | |
| **Processing Site** | (Utica) | Delaware | Gurgaon | Hyderabad | |
| **Order Type** | (New) | Release | Pay Order/Turnover | Order to Show Cause | Notice of Motion |
| | Exemption | Final Demand | Customer Authorization | Follow-Up Documentation | Safe Deposit Box Confirmation |
| | Other | Renewal | Bankruptcy | Interrogatories | |
| **Tax ID Type** | (Personal) | Corporate | | | |
| **Process Type** | (LTS) | | | | |
| **Delivery Method** | Certified/Registered Mail | US Mail | Fax | Unknown | Personal Service |
| | CT Corp | Express Mail (Fed Ex) | (Express Mail (UPS)) | | |
| **Serve Date** | Always Populate:   **MAR 18 2016** | | | | |
| **Sorter Initials** | A m | | | | |
| **Duplex** | Yes | (No) | | | |
| **Number of Documents** | 1 | | | | |
| **Number of Pages/Document** | 8 | | | | |

| FIRST Batch ID | |
|---|---|
| Scan Date | |
| Scanner Initials | |

# U.S. SECRET SERVICE

## OFFICIAL NOTIFICATION
## POSTED ON
## MARCH 21, 2016



USSS OFFICIAL NOTIFICATION POSTED ON MARCH 21, 2016

## LEGAL NOTICE
## ATTENTION

The U.S. Secret Service gives notice that the following properties were seized for forfeiture in accordance with Title 18, U.S.C., Section 981. Laws and procedures applicable to the forfeiture process can be found at 18 U.S.C. §§981-984 and 19 U.S.C. § §1602, et seq. To contest the forfeiture of the property in U.S. District Court, file a claim with the U.S. Secret Service on or before the date indicated. A claim must meet the requirements set forth in 18 U.S.C. 983(a)(2)(C) and must be filed with the Secret Service Asset Forfeiture Division by the date indicated below. A claim form may be obtained by contacting the Secret Service Asset Forfeiture Division at the address indicated below. A claimant may request immediate release of the seized property by filing a hardship petition in accordance with 18 U.S.C. §983(f). Interested parties who do not want to contest the forfeiture in U.S. District Court but seek to have the property returned may file a Petition for Remission or Mitigation of the Forfeiture with the U.S. Secret Service on or before the date indicated below. The petition must contain proper documentation of the party's interest in the property and must include the facts and circumstances justifying return of the property. Submit claims, hardship petitions, and/or petitions for remission or mitigation to the U.S. Secret Service, Communications Center - AFD, 245 Murray Lane, SW, Building T-5, Washington D.C. 20223. For further information concerning the forfeiture process or to obtain copies of the statutes referenced above, contact the Secret Service Asset Forfeiture Division at (202) 406-7222.

## DEADLINE TO FILE CLAIM MAY 16, 2016
## DEADLINE TO FILE PETITION MAY 16, 2016

## EASTERN DISTRICT OF LOUISIANA

313-2016-001-0001, Six ($500.00) Western Union Money Orders valued at $3,000.00 seized on February 08, 2016 in Marrero, LA from Jovanne Hopkins

313-2016-001-0002, MasterCard Gift Card valued at $343.65 seized on February 08, 2016 in Marrero, LA from Jovanne Hopkins

313-2016-001-0003, MasterCard Gift Card valued at $7.88 seized on February 08, 2016 in Marrero, LA from Jovanne Hopkins

313-2016-001-0004, 15 ($500.00) MasterCard Gift Cards valued at $7,500.00 seized on February 08, 2016 in Marrero, LA from Jovanne Hopkins

The Property Listed above is NOT for sale. The Secret Service DOES NOT sell forfeited property and the Secret Service DOES NOT have information on property for sale.

USSS OFFICIAL NOTIFICATION POSTED ON MARCH 21, 2016

### LEGAL NOTICE
### ATTENTION

The U.S. Secret Service gives notice that the following properties were seized for forfeiture in accordance with Title 18, U.S.C., Section 981. Laws and procedures applicable to the forfeiture process can be found at 18 U.S.C. §§981-984 and 19 U.S.C. § §1602, et seq. To contest the forfeiture of the property in U.S. District Court, file a claim with the U.S. Secret Service on or before the date indicated  A claim must meet the requirements set forth in 18 U.S.C. 983(a)(2)(C) and must be filed with the Secret Service Asset Forfeiture Division by the date indicated below. A claim form may be obtained by contacting the Secret Service Asset Forfeiture Division at the address indicated below. A claimant may request immediate release of the seized property by filing a hardship petition in accordance with 18 U.S.C. §983(f). Interested parties who do not want to contest the forfeiture in U.S. District Court but seek to have the property returned may file a Petition for Remission or Mitigation of the Forfeiture with the U.S. Secret Service on or before the date indicated below  The petition must contain proper documentation of the party's interest in the property and must include the facts and circumstances justifying return of the property. Submit claims, hardship petitions, and/or petitions for remission or mitigation to the U.S. Secret Service, Communications Center - AFD, 245 Murray Lane, SW, Building T-5, Washington, D.C. 20223. For further information concerning the forfeiture process or to obtain copies of the statutes referenced above, contact the Secret Service Asset Forfeiture Division at (202) 406-7222.

**DEADLINE TO FILE CLAIM MAY 16, 2016**
**DEADLINE TO FILE PETITION MAY 16, 2016**

**MIDDLE DISTRICT OF FLORIDA**
**318-2016-001-0001,** 2015 Cadillac Escalade, VIN #1GYS3TKJ7FR703388 valued at $70,100.00 seized on February 23, 2016 in Brooksville, FL from Terrell Tramone Brown

The Property Listed above is NOT for sale   The Secret Service DOES NOT sell forfeited property and the Secret Service DOES NOT have information on property for sale.

USSS OFFICIAL NOTIFICATION POSTED ON MARCH 21, 2016

## LEGAL NOTICE
## ATTENTION

The U.S. Secret Service gives notice that the following properties were seized for forfeiture in accordance with Title 18, U.S.C., Section 981. Laws and procedures applicable to the forfeiture process can be found at 18 U.S.C. §§981-984 and 19 U.S.C. § §1602, et seq. To contest the forfeiture of the property in U.S. District Court, file a claim with the U.S. Secret Service on or before the date indicated. A claim must meet the requirements set forth in 18 U.S.C. 983(a)(2)(C) and must be filed with the Secret Service Asset Forfeiture Division by the date indicated below. A claim form may be obtained by contacting the Secret Service Asset Forfeiture Division at the address indicated below. A claimant may request immediate release of the seized property by filing a hardship petition in accordance with 18 U.S.C. §983(f). Interested parties who do not want to contest the forfeiture in U.S. District Court but seek to have the property returned may file a Petition for Remission or Mitigation of the Forfeiture with the U.S. Secret Service on or before the date indicated below. The petition must contain proper documentation of the party's interest in the property and must include the facts and circumstances justifying return of the property. Submit claims, hardship petitions, and/or petitions for remission or mitigation to the U.S. Secret Service, Communications Center - AFD, 245 Murray Lane, SW, Building T-5, Washington, D.C. 20223. For further information concerning the forfeiture process or to obtain copies of the statutes referenced above, contact the Secret Service Asset Forfeiture Division at (202) 406-7222.

### DEADLINE TO FILE CLAIM MAY 16, 2016
### DEADLINE TO FILE PETITION MAY 16, 2016

### WESTERN DISTRICT OF NEW YORK

**103-2016-001-0001,** Two ($100.00) My Gift Card MasterCards valued at $200.00 seized on December 22, 2015 in Rochester, NY from David Machado Gonzalez, Angel Alberto Zamora Lopez and Henrry Gonzalez Lopez

**103-2016-001-0002,** Vanilla Visa Gift Card valued at $200.00 seized on December 22, 2015 in Rochester, NY from David Machado Gonzalez, Angel Alberto Zamora Lopez and Henrry Gonzalez Lopez

**103-2016-001-0003,** 13 ($100.00) Walmart Gift Cards valued at $1,300.00 seized on December 22, 2015 in Rochester, NY from David Machado Gonzalez, Angel Alberto Zamora Lopez and Henrry Gonzalez Lopez

**103-2016-001-0004,** Four ($50.00) Vanilla MasterCard Gift Cards valued at $200.00 seized on December 22, 2015 in Rochester, NY from David Machado Gonzalez, Angel Alberto Zamora Lopez and Henrry Gonzalez Lopez

**103-2016-001-0005,** 108 ($100.00) Vanilla MasterCard Gift Cards valued at $10,800.00 seized on December 22, 2015 in Rochester, NY from David Machado Gonzalez, Angel Alberto Zamora Lopez and Henrry Gonzalez Lopez

**103-2016-001-0006,** My Gift Card MasterCard valued at $32.50 seized on December 22, 2015 in Rochester, NY from David Machado Gonzalez, Angel Alberto Zamora Lopez and Henrry Gonzalez Lopez

**103-2016-001-0007,** Two ($12.00) Vanilla Gift Cards valued at $24.00 seized on December 22, 2015 in Rochester, NY from David Machado Gonzalez, Angel Alberto Zamora Lopez and Henrry Gonzalez Lopez

**103-2016-001-0008,** Vanilla Gift Card valued at $17.36 seized on December 22, 2015 in Rochester, NY from David Machado Gonzalez, Angel Alberto Zamora Lopez and Henrry Gonzalez Lopez

**103-2016-001-0009,** Seven ($100.00) Vanilla Gift Cards valued at $700.00 seized on December 22, 2015 in Rochester, NY from David Machado Gonzalez, Angel Alberto Zamora Lopez and Henrry Gonzalez Lopez

The Property Listed above is NOT for sale   The Secret Service DOES NOT sell forfeited property and the Secret Service DOES NOT have information on property for sale

3 of 17

USSS OFFICIAL NOTIFICATION POSTED ON MARCH 21, 2016

## LEGAL NOTICE
## ATTENTION

The U.S. Secret Service gives notice that the following properties were seized for forfeiture in accordance with Title 18, U.S.C., Section 981. Laws and procedures applicable to the forfeiture process can be found at 18 U.S.C. §§981-984 and 19 U.S.C. § §1602, et seq. To contest the forfeiture of the property in U.S. District Court, file a claim with the U.S. Secret Service on or before the date indicated. A claim must meet the requirements set forth in 18 U.S.C. 983(a)(2)(C) and must be filed with the Secret Service Asset Forfeiture Division by the date indicated below. A claim form may be obtained by contacting the Secret Service Asset Forfeiture Division at the address indicated below. A claimant may request immediate release of the seized property by filing a hardship petition in accordance with 18 U.S.C. §983(f). Interested parties who do not want to contest the forfeiture in U.S. District Court but seek to have the property returned may file a Petition for Remission or Mitigation of the Forfeiture with the U.S. Secret Service on or before the date indicated below. The petition must contain proper documentation of the party's interest in the property and must include the facts and circumstances justifying return of the property. Submit claims, hardship petitions, and/or petitions for remission or mitigation to the U.S. Secret Service, Communications Center - AFD, 245 Murray Lane, SW, Building T-5, Washington, D.C. 20223. For further information concerning the forfeiture process or to obtain copies of the statutes referenced above, contact the Secret Service Asset Forfeiture Division at (202) 406-7222.

**DEADLINE TO FILE CLAIM MAY 09, 2016**
**DEADLINE TO FILE PETITION MAY 09, 2016**

**WESTERN DISTRICT OF TEXAS**
315-2016-009-0001, Bank of America Account #586035837294 in the Name of West Kiis LLC valued at $7,050.34 seized on February 04, 2016 in San Antonio, TX from Elizenda Sanchez

The Property Listed above is NOT for sale. The Secret Service DOES NOT sell forfeited property and the Secret Service DOES NOT have information on property for sale.

USSS OFFICIAL NOTIFICATION POSTED ON MARCH 21, 2016

## LEGAL NOTICE
## ATTENTION

The U.S. Secret Service gives notice that the following properties were seized for forfeiture in accordance with Title 18, U.S.C., Section 981. Laws and procedures applicable to the forfeiture process can be found at 18 U.S.C. §§981-984 and 19 U.S.C. § §1602, et seq. To contest the forfeiture of the property in U.S. District Court, file a claim with the U.S. Secret Service on or before the date indicated. A claim must meet the requirements set forth in 18 U.S.C. 983(a)(2)(C) and must be filed with the Secret Service Asset Forfeiture Division by the date indicated below. A claim form may be obtained by contacting the Secret Service Asset Forfeiture Division at the address indicated below. A claimant may request immediate release of the seized property by filing a hardship petition in accordance with 18 U.S.C. §983(f). Interested parties who do not want to contest the forfeiture in U.S. District Court but seek to have the property returned may file a Petition for Remission or Mitigation of the Forfeiture with the U.S. Secret Service on or before the date indicated below. The petition must contain proper documentation of the party's interest in the property and must include the facts and circumstances justifying return of the property. Submit claims, hardship petitions, and/or petitions for remission or mitigation to the U.S. Secret Service, Communications Center - AFD, 245 Murray Lane, SW, Building T-5, Washington, D.C. 20223. For further information concerning the forfeiture process or to obtain copies of the statutes referenced above, contact the Secret Service Asset Forfeiture Division at (202) 406-7222.

## DEADLINE TO FILE CLAIM MAY 09, 2016
## DEADLINE TO FILE PETITION MAY 09, 2016

## EASTERN DISTRICT OF MICHIGAN
205-2016-001-0001, $2,700.00 in U.S. Currency valued at $2,700.00 seized on December 11, 2015 in Farmington Hills, MI from Victor Williams

The Property Listed above is NOT for sale. The Secret Service DOES NOT sell forfeited property and the Secret Service DOES NOT have information on property for sale.

USSS OFFICIAL NOTIFICATION POSTED ON MARCH 21, 2016

### LEGAL NOTICE
### ATTENTION

The U.S. Secret Service gives notice that the following properties were seized for forfeiture in accordance with Title 18, U.S.C., Section 981. Laws and procedures applicable to the forfeiture process can be found at 18 U.S.C. §§981-984 and 19 U.S.C. § §1602, et seq. To contest the forfeiture of the property in U.S. District Court, file a claim with the U.S. Secret Service on or before the date indicated. A claim must meet the requirements set forth in 18 U.S.C. 983(a)(2)(C) and must be filed with the Secret Service Asset Forfeiture Division by the date indicated below. A claim form may be obtained by contacting the Secret Service Asset Forfeiture Division at the address indicated below. A claimant may request immediate release of the seized property by filing a hardship petition in accordance with 18 U.S.C. §983(f). Interested parties who do not want to contest the forfeiture in U.S. District Court but seek to have the property returned may file a Petition for Remission or Mitigation of the Forfeiture with the U.S. Secret Service on or before the date indicated below. The petition must contain proper documentation of the party's interest in the property and must include the facts and circumstances justifying return of the property. Submit claims, hardship petitions, and/or petitions for remission or mitigation to the U.S. Secret Service, Communications Center - AFD, 245 Murray Lane, SW, Building T-5, Washington, D.C. 20223. For further information concerning the forfeiture process or to obtain copies of the statutes referenced above, contact the Secret Service Asset Forfeiture Division at (202) 406-7222.

**DEADLINE TO FILE CLAIM MAY 09, 2016**
**DEADLINE TO FILE PETITION MAY 09, 2016**

**SOUTHERN DISTRICT OF GEORGIA**
330-2016-004-0001, $24,400.85 in U.S. Currency valued at $24,400.85 seized on December 16, 2015 in Blackshear, GA from Prayas N. Patel

The Property Listed above is NOT for sale.  The Secret Service DOES NOT sell forfeited property and the Secret Service DOES NOT have information on property for sale.

USSS OFFICIAL NOTIFICATION POSTED ON MARCH 21, 2016

### LEGAL NOTICE
### ATTENTION

The U.S. Secret Service gives notice that the following properties were seized for forfeiture in accordance with Title 18, U.S.C., Section 981. Laws and procedures applicable to the forfeiture process can be found at 18 U.S.C. §§981-984 and 19 U.S.C. § §1602, et seq. To contest the forfeiture of the property in U.S. District Court, file a claim with the U.S. Secret Service on or before the date indicated. A claim must meet the requirements set forth in 18 U.S.C. 983(a)(2)(C) and must be filed with the Secret Service Asset Forfeiture Division by the date indicated below. A claim form may be obtained by contacting the Secret Service Asset Forfeiture Division at the address indicated below. A claimant may request immediate release of the seized property by filing a hardship petition in accordance with 18 U.S.C. §983(f). Interested parties who do not want to contest the forfeiture in U.S. District Court but seek to have the property returned may file a Petition for Remission or Mitigation of the Forfeiture with the U.S. Secret Service on or before the date indicated below. The petition must contain proper documentation of the party's interest in the property and must include the facts and circumstances justifying return of the property. Submit claims, hardship petitions, and/or petitions for remission or mitigation to the U.S. Secret Service, Communications Center - AFD, 245 Murray Lane, SW, Building T-5, Washington, D.C. 20223. For further information concerning the forfeiture process or to obtain copies of the statutes referenced above, contact the Secret Service Asset Forfeiture Division at (202) 406-7222.

## DEADLINE TO FILE CLAIM MAY 09, 2016
## DEADLINE TO FILE PETITION MAY 09, 2016

## WESTERN DISTRICT OF TEXAS
320-2016-004-0001, $17,700.00 in U.S. Currency valued at $17,700.00 seized on January 11, 2016 in Austin, TX from Alex Waldrup

The Property Listed above is NOT for sale.  The Secret Service DOES NOT sell forfeited property and the Secret Service DOES NOT have information on property for sale.

USSS OFFICIAL NOTIFICATION POSTED ON MARCH 21, 2016

## LEGAL NOTICE
## ATTENTION

The U.S. Secret Service gives notice that the following properties were seized for forfeiture in accordance with Title 18, U.S.C., Section 981. Laws and procedures applicable to the forfeiture process can be found at 18 U.S.C. §§981-984 and 19 U.S.C. § §1602, et seq. To contest the forfeiture of the property in U.S. District Court, file a claim with the U.S. Secret Service on or before the date indicated. A claim must meet the requirements set forth in 18 U.S.C. 983(a)(2)(C) and must be filed with the Secret Service Asset Forfeiture Division by the date indicated below. A claim form may be obtained by contacting the Secret Service Asset Forfeiture Division at the address indicated below. A claimant may request immediate release of the seized property by filing a hardship petition in accordance with 18 U.S.C. §983(f). Interested parties who do not want to contest the forfeiture in U.S. District Court but seek to have the property returned may file a Petition for Remission or Mitigation of the Forfeiture with the U.S. Secret Service on or before the date indicated below. The petition must contain proper documentation of the party's interest in the property and must include the facts and circumstances justifying return of the property. Submit claims, hardship petitions, and/or petitions for remission or mitigation to the U.S. Secret Service, Communications Center - AFD, 245 Murray Lane, SW, Building T-5, Washington, D.C. 20223. For further information concerning the forfeiture process or to obtain copies of the statutes referenced above, contact the Secret Service Asset Forfeiture Division at (202) 406-7222.

DEADLINE TO FILE CLAIM MAY 09, 2016
DEADLINE TO FILE PETITION MAY 09, 2016

WESTERN DISTRICT OF TEXAS
320-2016-005-0001, 2014 Honda Accord, VIN #1HGCR3F9XEA028692 valued at $23,125.00 seized on February 03, 2016 in Austin, TX from Billal Dekkar

The Property Listed above is NOT for sale.  The Secret Service DOES NOT sell forfeited property and the Secret Service DOES NOT have information on property for sale.

USSS OFFICIAL NOTIFICATION POSTED ON MARCH 21, 2016

## LEGAL NOTICE
## ATTENTION

The U.S. Secret Service gives notice that the following properties were seized for forfeiture in accordance with Title 18, U.S.C., Section 981. Laws and procedures applicable to the forfeiture process can be found at 18 U.S.C. §§981-984 and 19 U.S.C. § §1602, et seq. To contest the forfeiture of the property in U.S. District Court, file a claim with the U.S. Secret Service on or before the date indicated. A claim must meet the requirements set forth in 18 U.S.C. 983(a)(2)(C) and must be filed with the Secret Service Asset Forfeiture Division by the date indicated below. A claim form may be obtained by contacting the Secret Service Asset Forfeiture Division at the address indicated below. A claimant may request immediate release of the seized property by filing a hardship petition in accordance with 18 U.S.C. §983(f). Interested parties who do not want to contest the forfeiture in U.S. District Court but seek to have the property returned may file a Petition for Remission or Mitigation of the Forfeiture with the U.S. Secret Service on or before the date indicated below. The petition must contain proper documentation of the party's interest in the property and must include the facts and circumstances justifying return of the property. Submit claims, hardship petitions, and/or petitions for remission or mitigation to the U.S. Secret Service, Communications Center - AFD, 245 Murray Lane, SW, Building T-5, Washington, D.C. 20223. For further information concerning the forfeiture process or to obtain copies of the statutes referenced above, contact the Secret Service Asset Forfeiture Division at (202) 406-7222.

**DEADLINE TO FILE CLAIM MAY 09, 2016**
**DEADLINE TO FILE PETITION MAY 09, 2016**

**WESTERN DISTRICT OF TEXAS**
315-2016-003-0001, Jefferson Bank Account #10174718 in the Name of West Kiis LLC valued at $10,126.84 seized on December 23, 2015 in San Antonio, TX from Elizenda Sanchez

The Property Listed above is NOT for sale.  The Secret Service DOES NOT sell forfeited property and the Secret Service DOES NOT have information on property for sale.

USSS OFFICIAL NOTIFICATION POSTED ON MARCH 21, 2016

**LEGAL NOTICE**
**ATTENTION**

The U.S. Secret Service gives notice that the following properties were seized for forfeiture in accordance with Title 18, U.S.C., Section 981. Laws and procedures applicable to the forfeiture process can be found at 18 U.S.C. §§981-984 and 19 U.S.C. § §1602, et seq. To contest the forfeiture of the property in U.S. District Court, file a claim with the U.S. Secret Service on or before the date indicated. A claim must meet the requirements set forth in 18 U.S.C. 983(a)(2)(C) and must be filed with the Secret Service Asset Forfeiture Division by the date indicated below. A claim form may be obtained by contacting the Secret Service Asset Forfeiture Division at the address indicated below. A claimant may request immediate release of the seized property by filing a hardship petition in accordance with 18 U.S.C. §983(f). Interested parties who do not want to contest the forfeiture in U.S. District Court but seek to have the property returned may file a Petition for Remission or Mitigation of the Forfeiture with the U.S. Secret Service on or before the date indicated below. The petition must contain proper documentation of the party's interest in the property and must include the facts and circumstances justifying return of the property. Submit claims, hardship petitions, and/or petitions for remission or mitigation to the U.S. Secret Service, Communications Center - AFD, 245 Murray Lane, SW, Building T-5, Washington, D.C. 20223. For further information concerning the forfeiture process or to obtain copies of the statutes referenced above, contact the Secret Service Asset Forfeiture Division at (202) 406-7222.

**DEADLINE TO FILE CLAIM MAY 09, 2016**
**DEADLINE TO FILE PETITION MAY 09, 2016**

**WESTERN DISTRICT OF TEXAS**
315-2016-006-0001, Chase Bank Account #778700976 in the Name of West Kiis LLC valued at $278.50 seized on December 16, 2015 in San Antonio, TX from Elizenda Sanchez

The Property Listed above is NOT for sale. The Secret Service DOES NOT sell forfeited property and the Secret Service DOES NOT have information on property for sale.

USSS OFFICIAL NOTIFICATION POSTED ON MARCH 21, 2016

## LEGAL NOTICE
## ATTENTION

The U.S. Secret Service gives notice that the following properties were seized for forfeiture in accordance with Title 18, U.S.C., Section 981. Laws and procedures applicable to the forfeiture process can be found at 18 U.S.C. §§981-984 and 19 U.S.C. § §1602, et seq. To contest the forfeiture of the property in U.S. District Court, file a claim with the U.S. Secret Service on or before the date indicated. A claim must meet the requirements set forth in 18 U.S.C. 983(a)(2)(C) and must be filed with the Secret Service Asset Forfeiture Division by the date indicated below. A claim form may be obtained by contacting the Secret Service Asset Forfeiture Division at the address indicated below. A claimant may request immediate release of the seized property by filing a hardship petition in accordance with 18 U.S.C. §983(f). Interested parties who do not want to contest the forfeiture in U.S. District Court but seek to have the property returned may file a Petition for Remission or Mitigation of the Forfeiture with the U.S. Secret Service on or before the date indicated below. The petition must contain proper documentation of the party's interest in the property and must include the facts and circumstances justifying return of the property. Submit claims, hardship petitions, and/or petitions for remission or mitigation to the U.S. Secret Service, Communications Center - AFD, 245 Murray Lane, SW, Building T-5, Washington, D.C. 20223. For further information concerning the forfeiture process or to obtain copies of the statutes referenced above, contact the Secret Service Asset Forfeiture Division at (202) 406-7222.

**DEADLINE TO FILE CLAIM MAY 09, 2016**
**DEADLINE TO FILE PETITION MAY 09, 2016**

**WESTERN DISTRICT OF TEXAS**
315-2016-007-0001, Compass Bank Account #6733948386 in the Name of West Kiis LLC valued at $346.40 seized on December 18, 2015 in San Antonio, TX from Elizenda Sanchez

The Property Listed above is NOT for sale.  The Secret Service DOES NOT sell forfeited property and the Secret Service DOES NOT have information on property for sale.

USSS OFFICIAL NOTIFICATION POSTED ON MARCH 21, 2016

### LEGAL NOTICE
### ATTENTION

The U.S. Secret Service gives notice that the following properties were seized for forfeiture in accordance with Title 18, U.S.C., Section 981. Laws and procedures applicable to the forfeiture process can be found at 18 U.S.C. §§981-984 and 19 U.S.C. § §1602, et seq. To contest the forfeiture of the property in U.S. District Court, file a claim with the U.S. Secret Service on or before the date indicated. A claim must meet the requirements set forth in 18 U.S.C. 983(a)(2)(C) and must be filed with the Secret Service Asset Forfeiture Division by the date indicated below. A claim form may be obtained by contacting the Secret Service Asset Forfeiture Division at the address indicated below. A claimant may request immediate release of the seized property by filing a hardship petition in accordance with 18 U.S.C. §983(f). Interested parties who do not want to contest the forfeiture in U.S. District Court but seek to have the property returned may file a Petition for Remission or Mitigation of the Forfeiture with the U.S. Secret Service on or before the date indicated below. The petition must contain proper documentation of the party's interest in the property and must include the facts and circumstances justifying return of the property. Submit claims, hardship petitions, and/or petitions for remission or mitigation to the U.S. Secret Service, Communications Center - AFD, 245 Murray Lane, SW, Building T-5, Washington, D.C. 20223. For further information concerning the forfeiture process or to obtain copies of the statutes referenced above, contact the Secret Service Asset Forfeiture Division at (202) 406-7222.

**DEADLINE TO FILE CLAIM MAY 09, 2016**
**DEADLINE TO FILE PETITION MAY 09, 2016**

**CENTRAL DISTRICT OF CALIFORNIA**
403-2016-002-0001, First Citizens Bank Cashier's Check #08927353 valued at $9,627.00 seized on January 05, 2016 in Los Angeles, CA from Vagan Dobadzhyan

The Property Listed above is NOT for sale. The Secret Service DOES NOT sell forfeited property and the Secret Service DOES NOT have information on property for sale.

USSS OFFICIAL NOTIFICATION POSTED ON MARCH 21, 2016

### LEGAL NOTICE
### ATTENTION

The U.S. Secret Service gives notice that the following properties were seized for forfeiture in accordance with Title 18, U.S.C. Section 981. Laws and procedures applicable to the forfeiture process can be found at 18 U.S.C. §§981-984 and 19 U.S.C. § §1602, et seq. To contest the forfeiture of the property in U.S. District Court, file a claim with the U.S. Secret Service on or before the date indicated. A claim must meet the requirements set forth in 18 U.S.C. 983(a)(2)(C) and must be filed with the Secret Service Asset Forfeiture Division by the date indicated below. A claim form may be obtained by contacting the Secret Service Asset Forfeiture Division at the address indicated below. A claimant may request immediate release of the seized property by filing a hardship petition in accordance with 18 U.S.C. §983(f). Interested parties who do not want to contest the forfeiture in U.S. District Court but seek to have the property returned may file a Petition for Remission or Mitigation of the Forfeiture with the U.S. Secret Service on or before the date indicated below. The petition must contain proper documentation of the party's interest in the property and must include the facts and circumstances justifying return of the property. Submit claims, hardship petitions, and/or petitions for remission or mitigation to the U.S. Secret Service, Communications Center - AFD, 245 Murray Lane, SW, Building T-5, Washington, D.C. 20223. For further information concerning the forfeiture process or to obtain copies of the statutes referenced above, contact the Secret Service Asset Forfeiture Division at (202) 406-7222.

**DEADLINE TO FILE CLAIM MAY 09, 2016**
**DEADLINE TO FILE PETITION MAY 09, 2016**

**WESTERN DISTRICT OF NORTH CAROLINA**
105-2016-001-0001, Bank of America Account #000427072609 in the Names of Parvaneh Mahjoubinia and Abolghasem Mahjoubinia valued at $6,900.00 seized on December 28, 2015 in Charlotte, NC from Abolghasem Mahjoubinia and Parvaneh Mahjoubinia

The Property Listed above is NOT for sale. The Secret Service DOES NOT sell forfeited property and the Secret Service DOES NOT have information on property for sale.

13 of 17

USSS OFFICIAL NOTIFICATION POSTED ON MARCH 21, 2016

## LEGAL NOTICE
## ATTENTION

The U.S. Secret Service gives notice that the following properties were seized for forfeiture in accordance with Title 18, U.S.C., Section 981. Laws and procedures applicable to the forfeiture process can be found at 18 U.S.C. §§981-984 and 19 U.S.C. § §1602, et seq. To contest the forfeiture of the property in U.S. District Court, file a claim with the U.S. Secret Service on or before the date indicated. A claim must meet the requirements set forth in 18 U.S.C. 983(a)(2)(C) and must be filed with the Secret Service Asset Forfeiture Division by the date indicated below. A claim form may be obtained by contacting the Secret Service Asset Forfeiture Division at the address indicated below. A claimant may request immediate release of the seized property by filing a hardship petition in accordance with 18 U.S.C. §983(f). Interested parties who do not want to contest the forfeiture in U.S. District Court but seek to have the property returned may file a Petition for Remission or Mitigation of the Forfeiture with the U.S. Secret Service on or before the date indicated below. The petition must contain proper documentation of the party's interest in the property and must include the facts and circumstances justifying return of the property. Submit claims, hardship petitions, and/or petitions for remission or mitigation to the U.S. Secret Service, Communications Center - AFD, 245 Murray Lane, SW, Building T-5, Washington, D.C. 20223. For further information concerning the forfeiture process or to obtain copies of the statutes referenced above, contact the Secret Service Asset Forfeiture Division at (202) 406-7222.

**DEADLINE TO FILE CLAIM MAY 09, 2016**
**DEADLINE TO FILE PETITION MAY 09, 2016**

**DISTRICT OF NEW HAMPSHIRE**
144-2016-006-0001, SunTrust Official Check #0737813412 valued at $200,000.00 seized on January 21, 2016 in Manchester, NH from Larry Bryan

The Property Listed above is NOT for sale. The Secret Service DOES NOT sell forfeited property and the Secret Service DOES NOT have information on property for sale.

USSS OFFICIAL NOTIFICATION POSTED ON MARCH 21, 2016

**LEGAL NOTICE**
**ATTENTION**

The U.S. Secret Service gives notice that the following properties were seized for forfeiture in accordance with Title 18, U.S.C., Section 981. Laws and procedures applicable to the forfeiture process can be found at 18 U.S.C. §§981-984 and 19 U.S.C. § §1602, et seq. To contest the forfeiture of the property in U.S. District Court, file a claim with the U.S. Secret Service on or before the date indicated. A claim must meet the requirements set forth in 18 U.S.C. 983(a)(2)(C) and must be filed with the Secret Service Asset Forfeiture Division by the date indicated below. A claim form may be obtained by contacting the Secret Service Asset Forfeiture Division at the address indicated below. A claimant may request immediate release of the seized property by filing a hardship petition in accordance with 18 U.S.C. §983(f). Interested parties who do not want to contest the forfeiture in U.S. District Court but seek to have the property returned may file a Petition for Remission or Mitigation of the Forfeiture with the U.S. Secret Service on or before the date indicated below. The petition must contain proper documentation of the party's interest in the property and must include the facts and circumstances justifying return of the property. Submit claims, hardship petitions, and/or petitions for remission or mitigation to the U.S. Secret Service, Communications Center - AFD, 245 Murray Lane, SW, Building T-5, Washington, D.C. 20223. For further information concerning the forfeiture process or to obtain copies of the statutes referenced above, contact the Secret Service Asset Forfeiture Division at (202) 406-7222.

**DEADLINE TO FILE CLAIM MAY 09, 2016**
**DEADLINE TO FILE PETITION MAY 09, 2016**

**SOUTHERN DISTRICT OF GEORGIA**
**330-2016-001-0001,** PrimeSouth Bank Account #678342 in the Name of Himanshi Food Mart Inc. dba G&S Food Mart valued at $175,426.53 seized on December 16, 2015 in Blackshear, GA from Dipikabahen Mahendrabhai Patel, Prayas N. Patel and Sureshbhai M. Patel

**330-2016-001-0002,** PrimeSouth Bank Account #697359 in the Name of Himanshi Food Mart Inc. in Trust for the Georgia Lottery Corp. valued at $16,665.58 seized on December 16, 2015 in Blackshear, GA from Dipikabahen Mahendrabhai Patel, Prayas N. Patel and Sureshbhai M. Patel

The Property Listed above is NOT for sale.  The Secret Service DOES NOT sell forfeited property and the Secret Service DOES NOT have information on property for sale.

USSS OFFICIAL NOTIFICATION POSTED ON MARCH 21, 2016

## LEGAL NOTICE
## ATTENTION

The U.S. Secret Service gives notice that the following properties were seized for forfeiture in accordance with Title 18, U.S.C., Section 981. Laws and procedures applicable to the forfeiture process can be found at 18 U.S.C. §§981-984 and 19 U.S.C. § §1602, et seq. To contest the forfeiture of the property in U.S. District Court, file a claim with the U.S. Secret Service on or before the date indicated. A claim must meet the requirements set forth in 18 U.S.C. 983(a)(2)(C) and must be filed with the Secret Service Asset Forfeiture Division by the date indicated below. A claim form may be obtained by contacting the Secret Service Asset Forfeiture Division at the address indicated below. A claimant may request immediate release of the seized property by filing a hardship petition in accordance with 18 U.S.C. §983(f). Interested parties who do not want to contest the forfeiture in U.S. District Court but seek to have the property returned may file a Petition for Remission or Mitigation of the Forfeiture with the U.S. Secret Service on or before the date indicated below. The petition must contain proper documentation of the party's interest in the property and must include the facts and circumstances justifying return of the property. Submit claims, hardship petitions, and/or petitions for remission or mitigation to the U.S. Secret Service, Communications Center - AFD, 245 Murray Lane, SW, Building T-5, Washington, D.C. 20223. For further information concerning the forfeiture process or to obtain copies of the statutes referenced above, contact the Secret Service Asset Forfeiture Division at (202) 406-7222.

**DEADLINE TO FILE CLAIM MAY 09, 2016**
**DEADLINE TO FILE PETITION MAY 09, 2016**

### SOUTHERN DISTRICT OF GEORGIA
330-2016-002-0001, $309,165.00 in U.S. Currency valued at $309,165.00 seized on December 16, 2015 in Blackshear, GA from Dipikabahen Mahendrabhai Patel and Sureshbhai M. Patel

The Property Listed above is NOT for sale.  The Secret Service DOES NOT sell forfeited property and the Secret Service DOES NOT have information on property for sale.

USSS OFFICIAL NOTIFICATION POSTED ON MARCH 21, 2016

## LEGAL NOTICE
## ATTENTION

The U.S. Secret Service gives notice that the following properties were seized for forfeiture in accordance with Title 18, U.S.C., Section 981. Laws and procedures applicable to the forfeiture process can be found at 18 U.S.C. §§981-984 and 19 U.S.C. § §1602, et seq. To contest the forfeiture of the property in U.S. District Court, file a claim with the U.S. Secret Service on or before the date indicated. A claim must meet the requirements set forth in 18 U.S.C. 983(a)(2)(C) and must be filed with the Secret Service Asset Forfeiture Division by the date indicated below. A claim form may be obtained by contacting the Secret Service Asset Forfeiture Division at the address indicated below. A claimant may request immediate release of the seized property by filing a hardship petition in accordance with 18 U.S.C. §983(f). Interested parties who do not want to contest the forfeiture in U.S. District Court but seek to have the property returned may file a Petition for Remission or Mitigation of the Forfeiture with the U.S. Secret Service on or before the date indicated below. The petition must contain proper documentation of the party's interest in the property and must include the facts and circumstances justifying return of the property. Submit claims, hardship petitions, and/or petitions for remission or mitigation to the U.S. Secret Service, Communications Center - AFD, 245 Murray Lane, SW, Building T-5, Washington, D.C. 20223. For further information concerning the forfeiture process or to obtain copies of the statutes referenced above, contact the Secret Service Asset Forfeiture Division at (202) 406-7222.

**DEADLINE TO FILE CLAIM MAY 09, 2016**
**DEADLINE TO FILE PETITION MAY 09, 2016**

**SOUTHERN DISTRICT OF GEORGIA**
330-2016-003-0001, $110,650.00 in U.S. Currency valued at $110,650.00 seized on December 16, 2015 in Blackshear, GA from Prayas N. Patel and Sureshbhai M. Patel

The Property Listed above is NOT for sale. The Secret Service DOES NOT sell forfeited property and the Secret Service DOES NOT have information on property for sale.



U.S. Department of Homeland Security
## UNITED STATES SECRET SERVICE

05/09/2016

Dimmitt Cadillac
Attn: Fraud Department
25191 US Highway 19 North
Clearwater, FL 33763

RE:    Seizure of Property

Agency Case Number    : J-318-769-24023
Seizure Number(s)     : 318-2016-001
Asset Identification  : 318-2016-001-0001
Asset Description     : 2015 Cadillac Escalade, VIN #1GYS3TKJ7FR703388
Asset Value           : $70,100.00

Dear Fraud Department:

On 02/23/2016 in Brooksville, FL, the property described above was seized for forfeiture
by the United States Secret Service (USSS) from Terrell Tramone Brown. The item is
subject to forfeiture pursuant to Title 18 USC 981 as properties that were used in, or
acquired by, violations of Title 18 USC 1014, Title 18 USC 1028 and Title 18 USC 1029.

As you (or, if applicable, your organization) have been identified as a potential interested
party in this matter, this letter is to inform you of the following options:

1.  You may agree to the forfeiture and petition the USSS for return/remission of the
    forfeited property by filing the attached "Petition for Remission/Mitigation" form.

2.  You may disagree with the forfeiture and seek to contest it in United States
    District Court by filing a claim with the attached "Seized Asset Claim Form."

3.  You may have no interest in this property and therefore do not need to respond to
    this letter in any manner.

## To Request Remission or Mitigation of Forfeiture

If you agree with the USSS that the property is subject to forfeiture and wish to have the
USSS, through the administrative process, determine whether to remit (i.e., return the
property (or your interest in it) or the value thereof) or mitigate (i.e., return the property
or the value thereof upon imposition of a penalty) the forfeiture, you must submit the
attached "Petition for Remission or Mitigation" form to the address indicated below.

The petition must include proof of your interest in the property supported by bills of sale,
contracts, mortgages, or other satisfactory documentary evidence and must include the
facts and circumstances that you believe justify remission or mitigation of forfeiture.   In
order to obtain remission or mitigation of the forfeiture, the petitioner must satisfactorily
establish the following:



EXHIBIT
9

1. With respect to a property interest in existence at the time that the illegal conduct giving rise to forfeiture took place, a petitioner must establish the following:
   a. a legally cognizable property interest in the seized property; and
   b. no knowledge of the conduct giving rise to the forfeiture; or
   c. upon learning of the conduct giving rise to the forfeiture, the petitioner did all that reasonably could be expected under the circumstances to terminate such use of the property.

2. With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, a petition must establish:
   a. a legally cognizable property interest in the seized property;
   b. at the time the property interest was acquired, that the petitioner was a bona fide purchaser or seller for value; and
   c. that the petitioner did not know and was reasonably without cause to believe that the property was subject to forfeiture.

3. A petitioner who cannot establish a property interest in the property, may obtain remission or mitigation of the forfeiture if the petition established that:
   a. a pecuniary loss of a specific amount has been directly caused by the criminal offense, or related offense, that was the underlying basis for the forfeiture supported by documentary evidence including invoices and receipts;
   b. the pecuniary loss is the direct result of the illegal acts and is not the result of otherwise lawful acts that were committed in the course of a criminal offense;
   c. the victim did not knowingly contribute to, participate in, benefit from, or act in a willfully blind manner towards the commission of the offense, or related offense, that was the underlying basis of the forfeiture;
   d. the victim has not in fact been compensated for the wrongful loss of the property by the perpetrator or others; and
   e. the victim does not have recourse reasonably available to other assets from which to obtain compensation for the wrongful loss of the property.

The petition should be filed within thirty-five (35) days of the date of this letter.

## To Contest the Forfeiture

If you disagree with the USSS that the property is subject to forfeiture and want the case tried in U.S. District Court, you must file a Claim of Ownership using the attached "Seized Asset Claim Form" with the USSS by June 13, 2016. **Please note:** if your sole intention is to request remission or mitigation of forfeited property (see above), and you are **not** seeking to challenge the forfeiture in court, you need only submit the enclosed "Petition for Remission or Mitigation" form; in that instance it is unnecessary to submit **both** the Petition for Remission or Mitigation" form **and** the "Seized Asset Claim" form.

The Claim of Ownership must:

1. Identify specific property claimed;
2. State the claimant's interest in the property;
3. Provide documentary evidence of the claimant's interest, if available;
4. State that the claim is not frivolous; and
5. Be signed and made under oath subject to penalty of perjury.

As stated above, the person alleging an interest in the property must swear to the Claim of Ownership under penalty of perjury.  For your reference, the acceptable language required by statute is as follows:

I declare, (or certify, or verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed On            Sworn Date
                       Party Signature

Unsupported submissions signed by attorneys are insufficient to satisfy the requirement that claims be personally executed.  A Seized Asset Claim form is enclosed for your convenience. Seized Asset Claim Forms must be submitted to the address indicated below.


## Release of Property to Avoid Substantial Hardship

If you choose to contest the forfeiture and file a Claim of Ownership using the Seized Asset Claim Form as set forth above, you may be entitled to immediate release of the seized property if:

1. You have a possessory interest in the property;
2. You have sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
3. You show that the continued possession by the Government pending the final disposition of forfeiture proceedings will cause you substantial hardship;
4. You show that your likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to you during the pendency of the proceedings;
5. The property is not contraband, evidence of a violation of a law, currency, or currency, or other monetary instrument, or electronic funds unless such other monetary instrument or electronic funds constitutes the assets of a business that has been seized;
6. The property is not, by reason of design or other characteristic, particularly suited for use in illegal activities;
7. The property is not likely to be used to commit additional criminal acts if returned to you.

A claimant seeking release of property must file a request for Possession of the Property with the Deputy Assistant Director of the USSS's Office of Investigations at the address indicated below.   A request for Possession of the Property must set forth the basis on which the requirements listed above are met.



**FOR GOVERNMENT AGENCY USE ONLY**

DATE CLAIM RECEIVED:

_____

CLAIM TIMELY FILED? Y ☐ N ☐

# SEIZED ASSET CLAIM FORM

NAME: *Larry Dimmitt Cadillac, Inc.*
ADDRESS: *25191 US Hwy 19 N*
*Clearwater, FL 33763*
TELEPHONE NO. *(727) 450-7409*

Seizure No.: *318-2016001*
Case No.: *I-318-769-24023*
City & State of Seizure: *Brooksville, Flor.*

## PART I

List the items in which you claim an interest. Include sufficient information to identify the items, such as serial numbers, make and model numbers, tail numbers, photographs, and so forth. Additional space is provided on the back of the form. You may attach additional sheets of paper if more space is needed.

1. *2015 Cadillac Escalade     VIN# 1GYS3TKJ7FR703388*
2. _____
3. _____
4. _____
5. _____
6. _____

## PART II

State your interest in each item of property listed above. Please provide any documents that support your claim of interest in these items. Supporting documentation includes titles, registrations, bills of sale, receipts, etc. Additional space is provided on the back of the form. You may attach additional sheets of paper if more space is needed.

*The vehicle was collateral for a Retail Installment Agreement.*
*Bank of America confirmed that they were a victim of Fraud*
*and demanded full payment from Larry Dimmitt Cadillac, Inc.*
*for the amount of the Loan $102,024.15*

*I cannot obtain a title (Because Law) enforcement has*
*issued a "Stop" on the Title     Stop # 26905 7352 (See Attach*

_____
_____

**EXHIBIT**

**10**

## PART I (continued)

7. _____

8. _____

9. _____

10. _____

11. _____

12. _____

## PART II (continued)

_____

_____

_____

_____

_____

_____

_____

_____

## PART III

### ATTESTATION AND OATH

I attest and declare under penalty of perjury that my claim to this property is not frivolous and that the information provided in support of my claim is true and correct, to the best of my knowledge and belief.

LARRY Dimmitt CADILLAC, Inc.

KRiS JoRDAN   CFO                                 May 18, 2016
_____                       _____
**Name (Print)**                                 **Date**


_____
**Signature**

**A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION
UNDER 18 U.S.C. §§ 1001 AND/OR 1621 AND IS PUNISHABLE BY A FINE
AND UP TO FIVE YEARS IMPRISONMENT.**

TITLE NUMBER IDEN NUM                    FL/OS/DOC NUMBER        VEHICLE NUMBER

1)              1GYS3TKJ7FR703388      >>

REPORT AGENCY REPORTING AGENCY DESC
LAW       >>   LAW ENFORCEMENT

                   (   )      EXT
ISSUE TYPE     ISSUE TYPE DESC                ISSUE DATE        STOP NUMBER
AD     >>      ADMINISTRATIVE                 02/09/2016        209057352
CLEAR TYPE     CLEAR TYPE DESC.               CLEAR DATE
     >>
COMMENTS       FHP, CASE # 16-99-09001-03
FR CASE NUM             LIEN DATE

          LIENHOLDER OR SUSPENDED FR CUSTOMER
FEID/SSN/DL#              CUST. NAME
                 ...

TITLE NUMBER IDEN NUM                    FL/OS/DOC NUMBER        VEHICLE NUMBER

120300672    1GYS3TKJ7FR703388      >>                           0246379135

REPORT AGENCY REPORTING AGENCY DESC
FRSP      >>   FINANCIAL RESPONSIBI

2)                 (   )      EXT
ISSUE TYPE     ISSUE TYPE DESC                ISSUE DATE        STOP NUMBER
SM     >>      SEIZE TAG                      11/16/2015        208827692
CLEAR TYPE     CLEAR TYPE DESC.               CLEAR DATE
     >>
COMMENTS
FR CASE NUM              LIEN DATE
827492745

          LIENHOLDER OR SUSPENDED FR CUSTOMER
FEID/SSN/DL#              CUST. NAME
W363100701300    ...    WOODWARD, CRAIG

TITLE NUMBER IDEN NUM                    FL/OS/DOC NUMBER        VEHICLE NUMBER

120300672    1GYS3TKJ7FR703388      >>                           0246379135

REPORT AGENCY REPORTING AGENCY DESC
FRSP      >>   FINANCIAL RESPONSIBI

3)                 (   )      EXT
ISSUE TYPE     ISSUE TYPE DESC                ISSUE DATE        STOP NUMBER
FR     >>      FR SUSPENSION                  10/16/2015        208803393
CLEAR TYPE     CLEAR TYPE DESC.               CLEAR DATE
     >>
COMMENTS
FR CASE NUM              LIEN DATE
827492745

          LIENHOLDER OR SUSPENDED FR CUSTOMER
FEID/SSN/DL#              CUST. NAME
W363100701300    ...    WOODWARD, CRAIG

 **AutoDataDirect, Inc.**

Scan or visit verify.add123.com to verify

Verification Code: **R5BZ287**

# Florida Vehicle Record
Retrieved On: Mon May 16, 2016 01:43:54 PM EDT

| Registration Data | Vehicle Data | Title Data |
|---|---|---|
| Tag: EQJH36 | VIN: 1GYS3TKJ7FR703388 | Title: 120300672 |
| Issue Date: 09/23/2015 | Year: 2015 | Issue Date: 09/23/2015 |
| Exp. Date: 04/10/2016 | Make: CADI | Use: PRIVATE |
| Agency: 11 | Model: Escalade* | Odo Read: 85 |
| County: HILLSBOROUGH | Trim: ESV Premium* | Odo Status: ACTUAL |
| Decal No: 13140903 | Body: UTILITY | Odo Date: 08/28/2015 |
| Reg. Use: PRIVATE | Class Code: 1 (PASSENGER | Odo Unit: M |
| Reg. Status: ACTIVE | VEHICLE) | Trans. ID: 905555370 |
| Decal Year: 2016 | Weight: 5759 | |
| Decal Type: MOTOR VEHICLE | Color: BLACK | |
| Decal Issue Date: 09/23/2015 | Type: AUTO | |
| Inventory Code: RGS (SUNSHINE STATE) | | |
| Reg Trans ID: 872915724 | | |

## Additional Record Data

Stops: FR SUSPENSION (10/16/2015)
Last Title Transaction Type: LIEN MAINTENANCE ONLY
** THIS VEHICLE HAS AN ELECTRONIC TITLE **

## Vehicle Interests

| | | |
|---|---|---|
| Owner 1 | CRAIG WOODWARD<br>7909 COCO VERDE ST<br>TAMPA, FL 33615 | Sex: M<br>DOB: 04/10/1970 |
| Registrant 1 | CRAIG WOODWARD<br>7909 COCO VERDE ST<br>TAMPA, FL 33615 | Sex: M<br>DOB: 04/10/1970 |

(DPPA 3) Verify information submitted by individual; if info not correct, to obtain correct info to prevent fraud, pursue legal remedies against or recovery of debt.

This information is provided by the Florida Department of Highway Safety and Motor Vehicles (DHSMV). Auto Data Direct, Inc. is an authorized provider of real-time Florida motor vehicle data. Auto Data Direct, Inc. is not responsible for the unauthorized use of the information provided from the DHSMV database.

This Motor Vehicle Record is extracted directly from the State or Jurisdiction's official Motor Vehicle Records database, in real time. The authenticity of these records may be authenticated in real time using the ADD on-line authorization system.

Personal information (including, but not limited to: name, address, date of birth, DL number) appearing on driver and vehicle records is protected by the Driver Privacy Protection Act (DPPA). The use of personal information for reasons not allowed by the DPPA will result in loss of information access privileges and may result in legal action.

```
2015 ESCALADE ESV 2WD PREMIUM        GENERAL MOTORS LLC
GBA   BLACK RAVEN            /V8G
H2X   JET BLACK                      RENAISSANCE CENTER
ORDER NO. SNHS6J/TRE      STOCK NO.  DETROIT      MI 48243-1114
VIN 1GY S3TK J7 FR703388             VEHICLE INVOICE 6AD31460789
****************************************6868*****12*21106S
MODEL & FACTORY OPTIONS          MSRP   INV AMT  RETAIL - STOCK
6C15906 ESCALADE ESV 2WD PREMIUM 84470.00  78979.45  INVOICE 05/31/15
AVP **UNIT BUILT AFTER OCT 6, 2014  0.00      0.00  SHIPPED 05/30/15
BRS ASSIST STEPS, POWER          1695.00  1491.60  EXP I/T 06/12/15
    RETRACTABLE                                    INT COM 06/12/15
FE9 50-STATE EMISSIONS            N/C      N/C    PRC EFF 05/29/15
L86 ENGINE, 6.2L V8               N/C      N/C    KEYS XXXXX XXXXX
M5U TRANSMISSION, 8 SPD AUTOMATIC  N/C     N/C    WFP-S QTR  OPT-1
RVA 22" DUAL 7-SPOKE ULTRA-BRIGHT  600.00   528.00  BANK: ALLY - 029
    FINISH ALUMINUM WHEELS                        CHG-TO    21-106
SFE WHEEL LOCK KIT                 55.00    48.40
    (DEALER INSTALLED)                            SHIP WT:  5759
S1V ADDITIONAL (2) REAR SEAT       110.00   96.80  HP:       52.8
    HEADPHONES (DEALER INSTALLED)                 GVWR:     7300
VAV FLOOR MATS, ALL WEATHER FRONT  225.00   198.00  GAWR.FT:  3500
    AND REAR (DEALER INSTALLED)                   GAWR.RR:  4200
VK3 FRONT LICENSE PLATE BRACKET    15.00    13.20  EMPLOY: 79710.18
VLI CARGO AREA ALL-WEATHER MAT     85.00    74.80  SUPPLR: 82981.65
    (DEALER INSTALLED)                            NTR: 1/2
VQQ ROOF RACK CROSS RAIL           210.00   184.80  DAN:     ESVPR
    (DEALER INSTALLED)                            EMPINC:  5172.07
VRS CARGO SECURITY SHADE           195.00   171.60  SUPINC:  1900.61
    (DEALER INSTALLED)




TOTAL MODEL & OPTIONS            87660.00  81786.65  ACT 237 80151.85
DESTINATION CHARGE                995.00    995.00  H/B 261  2629.80
DEALER IMR CONTRIBUTION                    876.60  ADV 261   876.60
LMA GROUP CONTRIBUTION                    1095.75  EXP 65A  1095.75


TOTAL                            88655.00` 84754.00  PAY 310 84754.00
MEMO: TOTAL LESS HOLDBACK AND
      APPROX WHOLESALE FINANCE CREDIT     80857.15
****************************************************************
INVOICE DOES NOT REFLECT DEALER'S ULTIMATE COST BECAUSE OF MANUFACTURER
REBATES, ALLOWANCES, INCENTIVES, HOLDBACK, FINANCE CREDIT AND RETURN TO
DEALER OF ADVERTISING MONIES, ALL OF WHICH MAY APPLY TO VEHICLE.
****************************************************************
THIS MOTOR VEHICLE IS SUBJECT TO A SECURITY INTEREST HELD BY ALLY.


                                 REMIT TO ALLY NO. 029
ED MORSE CADILLAC                VIN 1GYS3TKJ7FR703388
                                 $ 84754.00 INV 6AD31460789
                                 DUE 06/12/15  DEALER  21-106
```



**U.S. Department of Homeland Security**
**UNITED STATES SECRET SERVICE**

**AUG 0 2 2016**

245 Murray Lane, SW
Washington, DC 20223

Dimmitt Cadillac
Attn: Kris Jordan
25191 US Highway 19 North
Clearwater, FL 33763

Re:   Petition for Remission or Mitigation of Forfeiture
      USSS Seizure Number : 318-2016-001
      Requested Property   : 2015 Cadillac Escalade, VIN #1GYS3TKJ7FR703388
      Asset Value          : $70,100.00

Dear Ms. Jordan:

 Reference is made to the Petition for Remission or Mitigation of Forfeiture ("Petition") you filed on behalf of Larry Dimmitt Cadillac, Inc. ("Dimmitt"). The United States Secret Service ("USSS") has denied this Petition.

 In order qualify as a "victim" of an offense as defined by federal forfeiture law, a petitioner must prove that it suffered a pecuniary loss of a specific amount that was caused by the criminal offense that gave rise to the forfeiture, and that the petitioner has not been compensated for its loss nor **does it have recourse reasonably available to other assets to obtain compensation for its loss.** *See* 28 C.F.R. § 9.8(a). Although Dimmitt suffered a pecuniary loss as a result of the crime that gave rise to the forfeiture, it has recourse to obtain full compensation through its False Pretense Policy with Willis Towers Watson DealerGuard Insurance. Furthermore, it appears that you have filed a claim for the full amount of Dimmitt's loss in this case. Therefore, as Dimmitt has recourse reasonably available for further compensation, it does not qualify for remission as a victim.

 Within ten (10) days of receipt of this letter, you may request reconsideration of this decision based on evidence not previously considered. A request for reconsideration must set forth the factual basis for reconsideration and must be forwarded, via commercial carrier (e.g., FedEx, UPS) to the following address: Communications Center –AFB, 245 Murray Lane, SW, Building T-5, Washington, DC 20223.



EXHIBIT
11

All requests for reconsideration must be signed and sworn, under penalty of perjury, by the petitioner/person alleging an interest in the property. For your reference, the acceptable language is as follows:

I (declare, certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on (date)
(signature)

Please ensure that any correspondence regarding this matter references the seizure number provided above.

Sincerely,

Robert D. Novy
Deputy Assistant Director
Office of Investigations



**U.S. Department of Homeland Security**
# UNITED STATES SECRET SERVICE



May 26, 2016

Dimmitt Cadillac
Attn: Kris Jordan
25191 US Highway 19 North
Clearwater, FL 33763

RE:   Petition Receipt

Agency Case Number   : J-318-769-24023
Seizure Number       : 318-2016-001
Judicial District    : Middle District of Florida
Asset Description    : 2015 Cadillac Escalade, VIN #1GYS3TKJ7FR703388
Asset Value          : $70,100.00

Dear Ms. Jordan:

The Petition for Remission or Mitigation of Forfeiture you filed on behalf of Dimmitt
Cadillac, dated May 18, 2016, in the referenced forfeiture has been received by this
agency. The following paragraph is to inform you of the status of this petition:

> This matter concerns administrative forfeiture and the following applies:
> A ruling on the petition will be made by this agency after the petition
> investigation and review have been completed. You will be advised in writing of
> this ruling.

Please ensure that any correspondence regarding this matter references the Seizure
Number provided above. All documents should be submitted to the following address via
FedEx, DHL, UPS, Airborne, etc.:

Communications Center - AFB
245 Murray Lane, S.W.
Building #T-5
Washington, DC 20223

Sincerely,

Stuart J. Tryon
Special Agent in Charge
Criminal Investigative Division

**EXHIBIT**
**12**

# DIMMITT AUTOMOTIVE GROUP

       

E S T A B L I S H E D   I N   1 9 2 4

August 9,2016

Re: USSS Seizure Number: 318-2016-001

Thank you for your consideration in our petition for remission or mitigation of forfeiture. Your denial states that we have alternative means of compensation through our inventory policy at Dealerguard through Willis Towers Watson under the peril of False Pretense.

Under Section II Policy Exclusions, Section H states; Diminution, or loss of value as a result of any loss to a covered auto. Loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

- **Governmental Action**, *meaning seizure or destruction of property by order of governmental authority. However, we will pay for loss or damage caused by or resulting from acts of destruction ordered by governmental authority and taken at the time of a fire to prevent its spread if the fire would be covered under this policy.*

As you can see, the exclusion supersedes any other cause of loss. At this point, Dealerguard has refused to accept any responsibility for the claim. At this point, we do not have the confirmed recourse reasonably available to other assets to obtain compensation for its loss.

I verify under perjury that the foregoing is true and correct.

Executed on 8/9/2016

Kris Jordan
CFO Larry Dimmitt Cadillac

25191 U.S. HIGHWAY 19 NORTH · CLEARWATER, FL 33763
3333 GANDY BOULEVARD · PINELLAS PARK, FL 337
WWW.DIMMITT.COM

EXHIBIT
13



## U.S. Department of Homeland Security
## UNITED STATES SECRET SERVICE



August 18, 2016

Dimmitt Automotive Group
Attn: Kris Jordan
25191 US Highway 19 North
Clearwater, FL 33763

RE:   Reconsideration Petition Receipt

| | |
|---|---|
| Agency Case Number | : J-318-769-24023 |
| Seizure Number | : 318-2016-001 |
| Judicial District | : Middle District of Florida |
| Asset Description | : 2015 Cadillac Escalade, VIN #1GYS3TKJ7FR703388 |
| Asset Value | : $70,100.00 |

Dear Ms. Jordan:

The Reconsideration Petition for Remission or Mitigation of Forfeiture you filed on behalf of Dimmitt Cadillac, dated August 9, 2016, in the referenced forfeiture has been received by this agency. The following paragraph is to inform you of the status of this petition:

> This matter concerns an administrative forfeiture and the following applies: A ruling on the petition will be made by this agency after the petition investigation and review have been completed. You will be advised in writing of this ruling.

Please ensure that any correspondence regarding this matter references the Seizure Number provided above. All documents should be submitted to the following address via FedEx, DHL, UPS, Airborne, etc.:

Communications Center - AFB
245 Murray Lane, S.W.
Building #T-5
Washington, DC 20223

Sincerely,

Michael Breslin
Special Agent in Charge
Criminal Investigative Division

EXHIBIT
14



U.S. Department of Homeland Security
## UNITED STATES SECRET SERVICE
907.100

245 Murray Lane, S.W.
Washington, D.C. 20223

**NOV 0 3 2016**

Dimmitt Automotive Group
Attn: Kris Jordan
25191 U.S. Highway 19 North
Clearwater, FL 33763

Re:   Petition for Reconsideration of Remission or Mitigation of Forfeiture

Agency Case Number   : J-318-769-24023
USSS Seizure Number   : 318-2016-001
Requested Property   : 2015 Cadillac Escalade, VIN #1GYS3TKJ7FR703388

Dear Ms. Jordan:

Reference is made to the Petition for Reconsideration of Remission or Mitigation of Forfeiture ("Petition") you filed on behalf of Dimmitt Automotive Group ("Dimmitt"). Please be advised that the United States Secret Service ("USSS") has denied your Petition.

A request for reconsideration of an agency's decision to deny a Petition for Remission of Forfeiture must be supported by information or evidence not previously submitted that is material to the basis for the denial, or must present a basis to demonstrate that the denial was clearly erroneous. *See, e.g.,* 28 C.F.R. § 9.4(k)(1)(ii). Your reconsideration request does not contain information or evidence that is sufficient to persuade the USSS to alter its original decision, nor does it demonstrate that the agency committed clear error in denying the Petition for Remission/Mitigation. Accordingly, the USSS will abide by its previous determination.

This decision is final. No further consideration from our agency will be given to this matter.

Sincerely,

Robert D. Novy
Deputy Assistant Director
Office of Investigations

bcc:   Admin File
       Chron File
       AFB File
       Tampa FO File

EXHIBIT
15